# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DAVID H. LEMPERT,
c/o Walter Schwartz
110 Crestview Place
Ardsley, NY 10502
(A U.S. citizen residing overseas,
with most recent U.S. residence in
the District of Columbia)
                Plaintiff,

v.

SUSAN E. RICE,
U.S. AMBASSADOR TO THE
UNITED NATIONS,
Washington, D.C.
                Defendant

UNITED NATIONS and
UNITED NATIONS
DEVELOPMENT PROGRAMME,
Washington, D.C.
                Defendant.

Case: 1:12-cv-01518
Assigned to: Kollar-Kotelly, Colleen
Assign Date: 9/13/2012
Description: Contract

## PLAINTIFF'S OPPOSITION TO DEFENDANT SUSAN RICE'S MOTION FOR DISMISSAL

Plaintiff responds to Defendant Susan Rice's Motion for Dismissal of this case,

filed with the court on May 3, 2013 on her behalf by the Office of the Acting Assistant

Attorney General of the U.S. Department of Justice (hereinafter referred to as "DoJ"),

with a profound sense of disappointment and sadness at DoJ's approach. Plaintiff

reiterates concerns Plaintiff voiced in Plaintiff's Opposition to Defendant Susan Rice's

Motion for Extension of Time to Respond to Complaint and for Offering of Views of the



1

United States with Regard to Immunity of the Defendants, filed with the court on March

31, 2013, on potential conflicts of interest in filings on behalf of Defendants[1].

In Plaintiff's view, DoJ's approach does not recognize the duties that do extend to

all public officials and that Plaintiff details in this memorandum[2].  Indeed, DoJ,

Defendant Susan Rice, the Court and the Plaintiff have taken a common oath to the U.S.

constitution to protect our country, our laws and our interests in common goals.

Plaintiff believes DoJ's motion disregards the constitutional due process rights of

the Plaintiff, particularly the Fifth Amendment and linked Fourteenth Amendment due

process right that is at the basis of this case and the Court's subject matter jurisdiction.

Plaintiff believes DoJ's motion takes a selective and dismissive approach to laws

in a manner that could be viewed as protective of Defendant Susan Rights as an

individual citizen, in a way that seeks to override the responsibilities of the Office of U.S.

Ambassador Susan Rice and of other offices, including DoJ, in enforcing those laws and

responsibilities to all citizens.  Plaintiff views this approach in conflict of interest with

---

[1] Plaintiff notes that DoJ simultaneously also filed a Statement of Interest with the court at the court's request that essentially asserts defenses for the Defendant United Nations and United Nations Development Programme ("UN/UNDP").  That Statement opposes even the authority of this court to serve that Defendant so that Defendant UN/UNDP may respond directly to both Plaintiff and the Court and under oath as it has had to do in several other cases cited by DoJ.  DoJ links that Statement of Interest and its unsworn exhibit from a United Nations lawyer to its Motion for Dismissal on behalf of Defendant Susan Rice.  Since the Court has yet to rule on the Plaintiff's Motion to Serve Defendant United Nations and United Nations Development Programme, Plaintiff is unable to respond directly to that Statement unless so invited or ordered by the Court.  Plaintiff simply notes for the Court in this Response the interlinkages between the two Defendants and their ability to work in concert to jeopardize Plaintiff's constitutional rights.
[2] See DoJ's *Motion*, page 7 for statements denying the existence of duties for protection of Plaintiff's constitutional rights to due process, that Plaintiff has clearly placed in his pleadings.

upholding rights of all U.S. citizens and U.S. interests in general so as to "establish Justice" and promote the "general Welfare"[3].

Plaintiff finds DoJ's motion a mischaracterization or misrepresentation of several of Plaintiff's sworn statements in ways that disregard Plaintiff's vested property interests, his exhaustive efforts to seek administrative remedies, and his documentation of the violence of and inattention to his rights and actions that form the basis of subject matter jurisdiction and statement of his claims.

Plaintiff finds DoJ's motion to disregard certain portion of laws or other laws or common law principles that should be well known to DoJ in a way that Plaintiff believes overrides the responsibilities of DoJ in assuring fair enforcement of the law.

Though Plaintiff has sued Defendant Susan Rice, Plaintiff does not believe that this lawsuit is in any way adverse to the interests of the DoJ, to the Department of State or to the office of the U.S. Ambassador to the United Nations or to the stated legal purposes of the Defendant United Nations and United Nations Development Programme (hereinafter referred to as "UN/UNDP") that Plaintiff believes have been undermined in this case by activities of certain individuals.

Plaintiff will offer substantiation and authorities for these beliefs in this memorandum in asserting again the reasons for pleading that the court recognize its jurisdiction over the Defendants and his claim and act to protect his rights by enforcing the constitutional duty of Defendant Susan Rice and the legal duties of both Defendants under U.S. laws and international treaties.

---

[3] Preamble. *U.S. Constitution.*

# TABLE OF CONTENTS

PREFACE……………………………………………………………………………1

TABLE OF AUTHORITIES .........................................................................................4

INTRODUCTION .........................................................................................................7

BACKGROUND:  PLAINTIFF'S SWORN STATEMENTS IN EVIDENCE OF
SUBJECT MATTER JURISDICTION AND IN SUPPORT OF CLAIM........................14

ARGUMENT..................................................................................................................18

STANDARD OF REVIEW............................................................................................18

    I. The International Organizations Immunities Act and the United States
    Constitution Create Jurisdiction Over Plaintiff's Claims Against Defendant Susan
    Rice, Including Plaintiff's Demand for Injunctive Relief .............................18

    II. Defendant Susan Rice is Liable For the UN/UNDP's Alleged Breach of Contract
    and For the Torts of Fraud and "Harassment" ............................................31

CONCLUSION..............................................................................................................41

## TABLE OF AUTHORITIES

### CASES

*Alli v. Cassanta*
2007 U.S. Dist. LEXIS 37298 (D. Conn. May 21, 2007)………………………………..34

*Atherton v. District of Columbia Office of the Mayor*,
567 F.3d 672 (D.C. Cir. 2009)............................................................................................14

*Bivens v. Six Unknown Agents*
403 U.S. 388 (1971)………………………………………………………7, 31 – 35, 40

*Boimah v. United Nations General Assembly*
664 F.Supp. 69, 71 (E.D.N.Y.1987)………………………………………..……………12

*Brzak v. United Nations*,
597 F.3d 107 (2d Cir. 2010)............................................................................................12

*Carlson v. Green*
446 U.S. 14 (1980)……………………………………………………………,…35

*Davis v. Passman*
442 U.S. 228 (1979)……………………………………………………….……..35

*Gallegos v. Haggerty*
689 F.Supp. 93 (1988)……………………………………………………………...9, 18

*Goldberg v. Kelly*
397 U.S. 254, 267 (1970)…………………………………………………...…..20

*Kolovrat v. Oregon*
266 U.S. 187, 194 (1961)…………………………………………….……………..12

*Oss Nokalva v. European Space Agency*
617 F.3d 712 (2010)……………………………………………...……………25, 26, 29

*United States v. Carolene Products Company*
304 U.S. 144 (1938)………………………………………..………...…13, 26

*United States v. Olmstead*
277 U.S. 438 (1928)………………………………………………….………44

*Young v. Pierce*
DC Tex. 544 F.Supp. 1010  (1982)……………………………………………34

## U.S. CONSTITUTION

Preamble……………………………………………………………………………3, 19

Article II, Section 3……………………………………………………….. ……...19

Article III, Section 2………………………………………………………..…….22

Article VI……………………………………………………………..…….7, 18

Amendment V (and XIV)…………………………………………….…….18-19

## FEDERAL STATUTES

*International Organizations Immunities Act*
22 U.S.C. § 288…………………………………………………………………10, 20, 21

*Claims Against the U.S. Generally*
28 U.S.C. § 1491……………………………………………………………………39

*Federal Tort Claims Act*
28 U.S.C. § 2679……………………………………………………………7, 9, 35, 38

*Foreign Sovereign Immunity Act of 1976*
28 U.S.C. §§ 1330, 1602, et seq………………………………………………..…….10, 25

*Civil Action for Deprivation of Rights*
42 U.S. Code §1983……………………………………………………………7, 8, 31 38

*Interest of US in Pending Suits*
28 U.S.C. § 517………………………………………………………………………32

Tucker Act and Little Tucker Act
28 U.S.C. § 1491 and 28 U.S.C. § 1346(a) ……………………………………….8, 36

## FEDERAL RULES

Fed. R. Civ. P. 4 d) and Form 5…………………………………………………………29

Fed. R. Civ. P. 8……………………………………………………..……………9

Fed. R. Civ. P. 12……………………………………………………..…………….7, 14

## TREATIES AND INTERNATIONAL AGREEMENTS

*General Convention on the Privileges and Immunities of the United Nations*
21 U.S.T. 1418, 1 U.N.T.S. 16 (Feb. 13, 1946)..........................................10, 21, 24, 25, 29

*Charter of the United Nations, June 26, 1945*
59 Stat. 1031 (1945)…………………………………………………………....…22-23, 27

## INTRODUCTION

Plaintiff's pleadings have clearly focused attention on the duties of Defendant Susan Rice to protect Plaintiff's Constitutional Fifth Amendment and related Fourteenth Amendment rights and have petitioned the court to order clear common law and statutory remedies to satisfy Plaintiff's claims where those rights have been violated.  The pleadings and sworn statements of the Plaintiff easily meet the requirements of the Federal Rules of Civil Procedure 12(b)(1) for subject-matter jurisdiction and 12(b)(6) for statement of claims upon which relief can be granted.  DoJ's Motion to Dismiss does not wish to recognize these theories of relief and seeks to distort the record and the law in an effort to evade the duties of said Defendant.

Jurisdiction in this cased is based on common law grounds relying on the principles in the case of *Bivens v. Six Unknown Agents* 403 U.S. 388 (1971) and based on principles in 42 U.S. Code §1983; a case in which Plaintiff sought redress from a named government official for her violation of a fundamental right.  In this case, Plaintiff's asserts his right to due process of law to which he is guaranteed by the Fifth Amendment and Fourteenth Amendment to the U.S. Constitution and to which the Defendant has a sworn duty under Article VI: to the protection of his vested property interest in a contract, the taking of his time by fraud, and losses he has suffered due to harassment.  Plaintiff has specifically named Susan Rice as Defendant and not the U.S. Department of State. Plaintiff has not specifically sought to use the *Federal Tort Claims Act* 28 U.S.C. § 2679

or other acts[4] in order that he may focus his recovery on this theory of Constitutional

duties and rights.  Though Plaintiff has not mentioned the *Bivens* case in the pleadings

because it is an established common law remedy (originally based on statutory principles

of the *Civil Action for Deprivation of Rights*, 42 U.S. Code §1983[5]), Plaintiff has

mentioned the relevant constitutional claim and has met all common law elements of the

*Bivens* approach to stating a claim and to establishing the Court's jurisdiction over that

claim in a way that is easily recognizable to this Court and to the Defendant.  Plaintiff's

theory of recovery was also known to DoJ before DoJ's submission of the Motion to

Dismiss even though DoJ's Motion does not acknowledge this well-known theory for

subject matter jurisdiction and the claims that follow from it[6].

DoJ seeks to dismiss the case on the grounds that Plaintiff has not pursued other

statutory remedies using a theory of recovery other than that offered by *Bivens*.  Had

Plaintiff pleaded those statutes as his basis for recovery rather than sought relief under a

*Bivens* theory, Plaintiff fears that DoJ's motion would then have been one seeking to

dismiss Plaintiff's claim on grounds of conflicting remedies where statutory remedies

could be considered exclusive; creating additional burdens on Plaintiff and on this court.[7]

---

[4] The *Tucker Act*, 28 U.S.C. § 1491 and the *Little Tucker Act*, 28 U.S.C. § 1346(a)

[5] Under that act, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress" (42 U.S. Code §1983)

[6] In discussions with DoJ attorney.

[7] Not all courts have allowed all other claims to be made simultaneously with a *Bivens* type claim, which essentially forces the Plaintiff to use this theory as his primary theory of recovery and to simply open the use of other theories and recoveries to the court's discretion by not completely closing the door to that discretion.  Nevertheless, even where there may be inconsistencies in a pleading or alternate theories, a pleading is still

Though some courts may seek to deny Plaintiff remedies if both a *Bivens* and statutory approaches are pleaded, Plaintiff's understanding of the statutes and of case law is that in crafting remedies *Bivens* allows the court to consider all remedies and to look at statutory remedies as a guide.  The plain meaning of Statute 28 U.S.C. § 2679, the *Federal Tort Claims Act: Exclusiveness of Remedy*, appears to suggest that Plaintiff may assert both in a way that would essentially recognize Defendant Susan Rice as liable under a *Bivens* theory as an individual denying Plaintiff's Constitutional rights (a tort claim) or whether said Defendant's rights constitute government action for which there may be accountability in tort (and/or contract) in connection with the actions of second Defendant, UN/UNDP.  Rather than introduce this complexity, in the interests of protecting the efficiency of this Court and its discretion, Plaintiff clearly asserted the *Bivens* approach and has left it open to the court to determine whether it will expand theories of recovery beyond the tests that Plaintiff meets for demonstrating Defendant Susan Rice's liability to Plaintiff in tort given her duties to Plaintiff.

There should be no dispute here over the question whether Defendant Susan Rice has a duty to Plaintiff.  Nor should there be any dispute as to whether Plaintiff has met the test of asserting a claim for how Defendant's actions have specifically violated those duties.  In *Bivens* claims, the courts have been clear that Federal officials may become personally liable for constitutional deprivation by direct participation, failure to remedy wrongs after learning about them, creation of a policy or custom under which constitutional practices occur or gross negligence in managing subordinates who cause violations. (*Gallegos v. Haggerty*, Northern District of New York, 689 F.Supp. 93

---

sufficient if one of these statements and theories is sufficient, according to the Federal Rules of Civil Procedure, Rule 8.

(1988))  This theory of liability would also make the Defendant liable for the array of claims that Plaintiff makes in this case for damage and equitable recoveries through established common law remedies of contract, fraud and related torts (harassment), as well as punitive damages.

In this case, Defendant seeks to assert that Plaintiff lacks either a clear claim for damages or an injunctive remedy tied to an established theory of recovery but that is also in error given the latitude of remedies under Bivens approaches.  The only real question here for the Court should be which specific remedy the courts should choose in order to make Plaintiff whole and to assure appropriate policy outcomes.

In addition to damage remedies offered by *Bivens* theories, the courts also have complementary statutory remedies.  The courts may look at statutes to determine how to shape remedies.  In this case the very statutes that DoJ claims shield the Defendants from any duties at all are in fact the very ones (those involving international organizations) that introduce and that have been used by the courts to establish the public policy criteria for overseeing the activities of international organizations.

Plaintiff has presented the key statute by which the Court may offer equitable remedies in ways that protect U.S. long term interests and can resolve other matters similar to the one in this case.  It is the International Organizations Immunities Act ("IOIA"), 22 U.S.C. § 288.  Related powers and tests are also presented in the *General Convention on the Privileges and Immunities of the United Nations* ("General Convention") 21 U.S.T. 1418, 1 U.N.T.S. 16 (Feb. 13, 1946) and the more recent *Foreign Sovereign Immunity Act of 1976* ("FSIA") 28 U.S.C. §§ 1330, 1602, et seq.  These specifically provide not just a complementary approach to recovery in this case but also

clearly define the duties of Defendants and the balancing tests that the court may use.
These statutes represent efforts by Congress to guide the Executive Branch in its
protection of fundamental rights with regard to organizations like the United Nations and
their legal purposes and must be considered in context with those fundamental rights just
like any other statute.

DoJ has deliberately misstated the reach of these laws by suggesting that they
somehow nullify the U.S. constitution or the role of the courts through some "absolute"
immunization of Defendants.  The statutes do not mention the word "absolute
immunity"[8] anywhere because they do not offer it and can not claim to offer it.
"Absolute" immunity violates the protection standard for fundamental rights and the
actual goals of the statutes.  It can only be offered as a bright line rule for very specific
types of cases that have already passed the court test of "strict scrutiny", where there is
already protection of due process and clear evidence that public policy is being
promoted[9].

_____

[8] This language of "absolute immunity" comes from court decisions in which the court in
fact applied balancing tests based on whether plaintiffs already had access to some form
of internal due process and where the United Nations had to answer in U.S. courts.  DoJ
relies on the cases of *Brzak v. United Nations*, 597 F.3d 107 (2d Cir. 2010) and *Boimah v.
United Nations General Assembly*, 664 F.Supp. 69, 71 (E.D.N.Y.1987).  Use of the term
"absolutely immunity" by DoJ is deliberately misleading.  It appears to be an attempt to
evade rights protections and balancing tests that are the duty of the Executive Branch and
within the purview of the courts.  In fact, these "Immunity" statutes reference several
conditions and exceptions to immunity.

[9] DoJ's Statement of Interest in fact acknowledges this power of the courts but
simultaneously seeks to weaken it ("While courts interpret treaties for themselves, the
meaning given them by the departments of government particularly charged with their
negotiation and enforcement is given great weight" *Kolovrat v.Oregon*, 366 U.S. 187,
194 (1961)).  DoJ seeks to tell the Court what DoJ wants these treaties to mean and
claims that such determinations are "absolute" when they are balancing tests that must
also meet "strict scrutiny" tests where fundamental rights are at risk.

Immunity statutes present the balancing tests and conditions whereby the executive branch has the power and in some cases the duty, and where the Secretary General of the UN has the duty and power, to waive immunity in ways that must be consistent with legal protections. If the Executive branch does not exercise its powers and duties under those acts in ways that protect fundamental rights, including Fifth Amendment and Fourteenth Amendment Due Process rights, then it is the duty of the courts to apply strict scrutiny to the executive action and the laws and to assure that privileges of immunity exercised by international organizations are asserted only in their "least restrictive" means so as to protect fundamental rights (*United States v. Carolene Products Company,* 304 U.S. 144 (1938)).

In short, DoJ's motion is backwards in its presentation and incorrect in its interpretations. It does not recognize the Constitutional and case law basis for action or the duties of Defendant Susan Rice, nor the discretion of the court in considering statutory remedies. It chooses the minimalist statutory remedies that Plaintiff left to the discretion of the court, asks why Plaintiff did not specifically assert them, claims that Plaintiff needed to start with those procedures, and falsely blames the Plaintiff for not bringing his claims to the notice of government. The motion seeks: to condone Defendant's inaction and actions in concert with Defendant UN/UNDP that have created direct and measurable harms that Plaintiff has detailed, to evade constitutional duties, to evade case law principles and to deny statutory provisions and remedies.

The two sections that follow include a clear focus on Plaintiff's sworn statements in evidence of subject matter jurisdiction and support of his claim, then presents the standard of review for Defendant Susan Rice's duties, actions and inactions, that are the

basis for subject matter jurisdiction and the basis for claims on which said Defendant is liable, demonstrating how Plaintiff has easily met the standards required for this case to go forward.

## BACKGROUND:  PLAINTIFF'S SWORN STATEMENTS IN EVIDENCE OF SUBJECT MATTER JURISDICTION AND IN SUPPORT OF CLAIM

DoJ has correctly stated the legal standard regarding Plaintiff's burden of proof in order to meet the test of subject matter jurisdiction and to assert his claims.  When ruling on a defendant's motion to dismiss under 12(b)(6) for failure to state a claim for legal relief, "a judge must accept as true all of the factual allegations contained in the complaint." *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009)

However, after correctly recognizing that the presumption is in Plaintiff's favor for a case to go forward, DoJ then mischaracterizes the record as presented to this court of sworn statements and of claims presented to Defendant Susan Rice and to the U.S. State Department in materials that are fully referenced in Plaintiff's pleadings and that are easily available to DoJ.

Plaintiff has clearly alleged:  1) a vested property right to due process; 2) that no due process procedures were available to Plaintiff within the UN/UNDP, meaning that the only possible access to such processes were therefore the responsibility first of Defendant Susan Rice as U.S. Ambassador to the United Nations; 3) that U.N. lawyers are unable to act constructively in this case due to conflicts of interest that may amount to asserting fraudulent claims in violation of UN regulations; 4) that Plaintiff has informed Defendant Susan Rice of his property rights and of Defendant's duty regarding those

rights, noting that Defendant's denial of these would lead to legal action; and 5) that any protection of the wrongdoing that has denied in harm to Plaintiff is counter to the goals and purposes of the UN and U.S. membership in the UN and, therefore, of U.S. law, given that the U.S. is a party to the UN through treaty.

Plaintiff again restates and swears again to the following factual allegations.

1. Plaintiff recognizes his relationship with UN/UNDP as that of a hired contractor with a vested one-year contract that was recognized both by UN Volunteers Lao Country Office, within the mission of UN/UNDP Lao P.D.R., and by the UN Volunteers Headquarters. Plaintiff was selected for work. All of the necessary clearances were completed for Plaintiff to begin work including a medical clearance, a security certificate, joint signatures of the UN "Compact" and approval by the Lao Ministry of Justice. Plaintiff received his pre-departure briefing and arrived in country to start work. His arrival constituted the start of his contract according to the "Conditions of Services Agreement. Plaintiff's property rights in his contract were vested given that these conditions were met. UNDP was obligated to arrange his visa and to formally sign his contract and began payments.

Plaintiff was not simply an "applicant" and bringing a "job dispute" to Defendant. Plaintiff views such statements by DoJ as a gross mischaracterization of Plaintiff's vested interest.

2. In not recognizing Plaintiff's contract, UN/UNDP also refused any and all formal internal processes for resolution that would have been given to employees on a recognized contract. No opportunities existed for any kind of due process independent review to arbitrate Plaintiff's vested property interest in his employment contract.

3. Plaintiff and his attorney spent weeks, if not months, in exchanges with the
UN's legal department seeking a recognition of his claims and an investigation. Plaintiff
has noted in pleadings that the UN legal office continually maintained the claim that the
Lao government had denied Plaintiff's visa; essentially defending what Plaintiff believed
was a false statement and an example of misconduct by UN employees, without
conducting any investigation. The Lao Government's Ministry of Foreign Affairs told
Plaintiff that the UN/UNDP's statements were a fabrication that falsely put blame on the
Lao government for apparent misconduct by UNDP officials. They noted that such
refusal did not occur and could not have occurred under Lao laws given that Plaintiff was
already cleared for a visa and would have received it if the UN/UNDP had requested it.
Plaintiff has resided continually in Lao P.D.R. to this date. Immediately after Plaintiff
and his attorney requested a copy of what several UN/UNDP officials described as a
formal (written) request to the Lao government and its (written) denial, and noted that the
lawyers in UN's legal department may have been party to misconduct, communication
immediately ended. Plaintiff believes that UN lawyers had to recuse themselves due to
conflict of interest. Lawyers from that office have not responded to Plaintiff or his
attorney for nearly three years and have never indicated any willingness to change
position, investigate the matter, find a process or achieve any resolution despite
Plaintiff's requests.

4. Plaintiff's November 11, 2011 letter titled "Hoping to Avoid a Lawsuit", noted
very clearly in Plaintiff's pleadings, was sent directly to the Deputy Chief of Mission in
the U.S. Embassy, a State Department official. That letter includes the following specific
wording from the Plaintiff: "In order to win the case, I will have to sue BOTH the U.N.

and Ambassador Rice (possibly the U.S. State Department as well) because I will have to trigger my constitutional right to sue for breach of contract against the U.N. and will need to force Ambassador Rice's office to fulfill its legal requirements to protect me. As I explained to you when we met, I would prefer to do everything possible other than to have to sue Ambassador Rice and the UNDP. I have never wanted to go to this extreme. But this is now the only option that seems left to me, as displeasing as it is." That letter also estimated damages. After a lack of diplomatic resolution, Plaintiff then sent a copy of this letter to several members of the State Department's Legal Counsel's office, giving them full notice of his intent to sue if resolution were not achieved and clearing noting that his complaint was based on due process Constitutional 5th Amendment grounds and government duties to protect those Constitutional rights. Plaintiff notes in his pleading that he sent copies of this letter to David Pozen of the U.S. State Department's Office of Legal Counsel as well as indirectly to Harold Koh, Director of the office in April and May of 2012, also clearly noting his reliance on the State Department for protection of his 5th Amendment Due Process rights.

5.   Plaintiff has discovered and alleged serious violations of United Nations regulations by officials of the UN/UNDP that appear to undermine the UN charter and the very basis of the UN system. Plaintiff has noted in pleadings that UN officials have apparently made false allegations against a Member State by blaming Lao P.D.R.'s Ministry of Foreign Affairs for apparent misconduct by UN officials. Plaintiff has noted that UN officials, apparently without the knowledge of the Australian Ambassador to Lao P.D.R. and possibly in misrepresentations to the Australian government had induced that government to fund a position that had already been contracted to Plaintiff so that funds

could be diverted elsewhere within UN/UNDP.  Plaintiff noted apparent misuse of the UN legal department and investigation procedures to hide misconduct directed against UN Member states in promotion of individual interests of officials.  Plaintiff noted apparent retaliation in actions that could be constituted as "whistleblowing" to protect UN procedures and interests.

## ARGUMENT

## STANDARD OF REVIEW

I.    **The International Organizations Immunities Act and the United States Constitution Create Jurisdiction Over Plaintiff's Claims Against Defendant Susan Rice, Including Plaintiff's Demand for Injunctive Relief**

Defendant Susan Rice as a government official has a clear duty to Plaintiff in the protection of his fundamental rights.  She has the powers of her office and law to exercise that duty.  She is personally liable to Plaintiff for deprivation of those rights as a result of her actions and inactions that meet the court established test: direct participation, failure to remedy wrongs after learning about them, creation of a policy or custom under which constitutional practices occur or gross negligence in managing subordinates who cause violations; the test established in *Gallegos v. Haggerty*, Northern District of New York, 689 F.Supp. 93 (1988).

As U.S. Ambassador to the United Nations, Defendant Susan Rice has taken a constitutional oath to support the U.S. Constitution (Article VI) and to uphold Amendment V; that Plaintiff not be "nor be deprived of life, liberty, or property, without

due process of law; nor shall private property be taken for public use, without just

compensation" and the related Amendment XIV.  A member of the executive branch

Defendant Susan Rice is obligated under the Constitution to ensure that "the laws be

faithfully executed" (Article II, Section 3) and to promoting the Constitution's goals to

"establish Justice" and "promote the general Welfare, and secure the Blessings of

Liberty" (Preamble).

Defendant Susan Rice also has specific recognized responsibilities by virtue of

her position as U.S. Ambassador to the United Nations in fulfilling those Constitutional

duties.  These are stated on the website of the U.S. Mission to the United Nations.  Part of

her responsibilities are "to ensure United Nations programs and activities are efficient,

effective and properly managed"[10].  Her recognized responsibility is also to "to advance

United States foreign policy interests at the United Nations"[11].  Under Defendant's

direction, the U.S. in fact launched a specific program that is supposed to address the

very concerns that have confronted the Plaintiff in this case and that recognizes them as

Defendant's specific responsibilities to U.S. citizens and interests.   The goals include:

"Effective oversight arrangements, Effective and transparent procurement, Credible

---

[10] This is found on the State Department's Website at:  usun.state.gov/about/un_reform.
Another page notes that "The United States brings to its dealings with the UN high
expectations for its performance and accountability. In cooperation with other
governments, we are pursuing substantial and sustained improvements across the full
range of management and performance challenges, including financial accountability,
efficiency, transparency, ethics and internal oversight, and program effectiveness.
Recognizing that important work on all of these issues has been undertaken, we seek
further progress and reform to address flaws in the institutions, to meet the unprecedented
demands made on it, and to sustain confidence in and support for the UN.
usun.state.gov/issues/c31.
[11] usun.state.gov/about/pol

whistleblower protections, Conflict of interest program, and Independent and effective ethics function."[12]

Upon notice of violation of Plaintiff's interests with regards to the UN in this case, Plaintiff and his attorney made it very clear to Defendant Susan Rice that they were requesting her to fulfill her duties to Plaintiff and to exercise the powers and duties of her office to protect Plaintiff's due process rights given that said Defendant, by virtue of her position is the official directly responsible for such protection and the person to whom Plaintiff must turn within the Executive branch.  Plaintiff made it clear to Defendant on several occasions that there were no mechanisms available within the United Nations that enabled him to receive due process from any office and that this is why he turned to her office as his only resort for administrative redress.  He noted that he had no right to any impartial hearings or proceedings within the UN.  No processes awarded him protections that are recognized as constituting due process by U.S. courts (See *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970).

Plaintiff identified several different statutory and diplomatic options by which Defendant Susan Rice could act to fulfill her duties and responsibilities.  These range from: simple assertion of Plaintiff's rights to UN officials and requests that they resolve them in ways consistent with harms to Plaintiff and the lack of due process mechanisms available to Plaintiff to the exercise of Defendant Susan Rice's authority under the International Organizations Immunities Act ("IOIA") 22 U.S.C. § 288 to directly provide due process procedures to Plaintiff for pursuing his claim through the U.S courts.  There are other possibilities in between, including Defendant Susan Rice directly contacting the

---

[12] usun.state.gov/about/ un_reform/ /tran_acc_init/index.htm

U.N. Secretary General and advising him of his duties with regards to the Plaintiff under the *General Convention on the Privileges and Immunities of the United Nations* ("UN General Convention"), 21 U.S.T. 1418, 1 U.N.T.S. 16 (Feb. 13, 1946).

For this case to go forward, Plaintiff has only the burden to demonstrate that there are several available options that Defendant could have taken in exercise of her duty and that Defendant showed no good faith effort to investigate them or to attempt to act and therefore bears responsibility for the harm that resulted from her action or inaction. Though DoJ claims that Defendant Susan Rice is impotent in the face of violation of Plaintiff's rights by the UN/UNDP and misconduct, this is her stated responsibility and she clearly does have such powers (as evidenced below).

The plain meaning of the International Organizations Immunities Act ("IOIA") gives Defendant Susan Rice, through exercise of the powers of the Executive Branch, the discretionary authority to create an exception to sovereignty of the U.N. in a way that would immediately offer Plaintiff the right to due process through the impartial forum of the U.S. courts but she has made no attempt to exercise it and to determine the real extend of her authority. That act is very clear. It authorizes use of an "appropriate Executive order to withhold or withdraw from any such organization or its officers or employees any of the privileges, exemptions, and immunities provided for in this subchapter (including the amendments made by this subchapter) or to condition or limit the enjoyment by any such organization or its officers or employees of any such privilege, exemption, or immunity". (22 U.S.C. § 288). DoJ refuses to even acknowledge this power but it exists and the reason it must exist is to protect U.S. citizens and U.S. interests when those interests are threatened by actions of an

international organization or by individuals acting within that organization, as in this case. The U.S. constitution is the higher standard of protection and is not to be trumped by all outside actions. This is the mechanism available to Defendant Susan Rice. Indeed, why would such a law be necessary if immunities were "absolute"? The IOIA is necessary for fundamental rights protections. The standard under Defendant's discretion is also stated in the law. The determination can "be justified by reason of the abuse by an international organization or its officers and employees of the privileges, exemptions, and immunities provided in this subchapter or for any other reason." In this case, Plaintiff has alleged such abuses.

Statutes and treaties that have followed the IOIA do not repeal it (the IOIA is not repealed) not do they repeal the duties of the Executive branch in protecting the U.S. Constitution and fundamental rights (they cannot without a Constitutional Amendment) or nullify the role of the Courts in protecting those rights or in recognizing the jurisdiction of the courts in suits between a U.S. citizen and "foreign states" (Article III, Section 2). In fact, the UN General Convention on the Privileges and Immunities of the United Nations (UN General Convention) provides a way for Defendant Susan Rice to very diplomatically create a limited waiver of UN immunity for this case to go forward in U.S. courts with the blessing of the U.S. Secretary General, rather than by just asserting the right under her powers under the IOIA. But she has also failed to assert that authority.

Under the UN General Convention, immunity is conditioned on the UN protecting due process rights of parties, like the Plaintiff, with whom it contracts in exercise of its "legal capacity" under the U.N. Charter (for the "fulfillment of its purposes") *Charter of*

*the United Nations, June 26, 1945* 59 Stat. 1031 (1945) (Articles 104, 105).   Under

Article VIII of the Convention, Settlement of Disputes, the organization recognizes its

duty to "make provisions for appropriate modes of settlement of:  (a) disputes arising out

of contract or other disputes of a private law character to which the United Nations is a

party." *U.N. General Convention*, Section 29.

In this case, however, UN/UNDP has offered Plaintiff no such forum because it

does not recognize its contract or its responsibilities to Plaintiff.  Nor has Defendant

Susan Rice exercised the powers of her office to create any alternative process that would

be available to U.S. citizens like the Plaintiff to protect constitutional rights.  By not

doing so, her actions suggest that the alternative that Defendant Susan Rice must promote

is the availability of the U.S. courts[13].

Certainly, neither Defendant Susan Rice nor the UN/UNDP could claim that

independent discussions now by Plaintiff with the UN/UNDP legal office is an

"appropriate mode" of due process, given that its lawyers appear to have a conflict of

interest and may have furthered UN/UNDP misconduct on this case.  Such discussions in

no way meet the recognized court standards for meeting due process requirements.  Due

process is recognized as including the right not just to a neutral decisionmaker, but the

power of cross examination and access to opposing evidence among other factors. (views

of Judge Henry Friendly:  Strauss, Peter. "DUE PROCESS". Legal Information Institute,

http://www.law.cornell.edu/wex/due_process. Retrieved 8 March 2013).  Yet, this

appears to be what DoJ is trying to claim in its Statement of Interest, using a letter that

Defendant Susan Rice appears to have forwarded to DoJ for such a purpose, or at least

---

[13]

with no note to the court that she recognized such statements as in no way reflecting the actual availability of due process.

Without an existing due process forum available to the Plaintiff through the UN/UNDP, both the *UN General Convention* and court rulings make it relatively easy for Defendant Susan Rice to convince the UN Secretary General to endorse Plaintiff's access to a remedy through U.S. courts in this case. Indeed, the Secretary General would have the duty to respond favorably to a request from Defendant Susan Rice to offer Plaintiff the forum of the U.S. courts. Article 21 of the UN General Convention requires the UN "to co-operate at all times with the appropriate authorities of Members to facilitate the proper administration of justice, secure the observance of police regulations and prevent the occurrence of any abuse in connection with the privileges, immunities and facilities mentioned in this Article." *UN General Convention*, Article 21. Plaintiff is not aware of any reason why Defendant Susan Rice, DoJ or UN/UNDP would claim in this case that U.S. Courts could not offer a fair and impartial forum where no other forum exists, (though the Court might imply that inference in DoJ's motion).

The Secretary General has a duty under the UN General Convention to waive sovereignty here, given the interests of justice in protecting UN purposes that Plaintiff has alleged have been violated and the clear interest in the UN's ability to contract with third parties. Article 20 states this duty. "The Secretary-General shall have the right and the duty to waive the immunity of any official in any case where, in his opinion, the immunity would impede the course of justice and can be waived without prejudice to the interests of the United Nations. In the case of the Secretary-General, the Security Council

shall have the right to waive immunity." *UN General Convention*, Article 20. Note that this is not simply a "right". This is also a "duty".

In fact, in this case, Defendant Susan Rice's appeal to the Secretary General for this formal waiver would be nothing more than a mere courtesy for diplomatic protocol purposes because U.S. courts not only already recognize this duty but already go so far as to recognize an *implied waiver* as already existing in the area of contract rights of third parties with international organizations, where no internal processes exist offering due process. *Oss Nokalva Inc. v. European Space Agency*, 617 F. 3d 712 (2010).

In *Oss Nokalva*, the court found that the European Space Agency had already waived its immunity in contracting and breaching its contract because "[o]utside parties would be hesitant to do business with ESA if there were no expectations of fair play." Certainly the same justification applies here on an action is based on commercial activity with direct ties to the United States. *FSIA* 28 U.S.C. § 1605(a)(2). Indeed, what American lawyer would agree to go half way around the world to work for the United Nations if it believed it could be defrauded of work for months, left stranded on arrival with a breached contract and then harassed, including being pressured to agree to covering up what happened by falsely blaming the problem on the government of a sovereign state where he was hired to promote "rule of law"? What American lawyer would contract for work with the UN if that job could be "sold" to another government at any time without any remedy?

The State Department itself, the Department where Defendant Susan Rice works, long recognized this obligation and the courts have now formally agreed in applying the IOIA and the Foreign Sovereign Immunities Act (FSIA) both to foreign sovereigns

individually and collectively in international organizations under the court's ruling of *Oss Nokalva*. In a 1980 letter, a State Department Legal Adviser noted that "The [FSIA] amended [U.S.] law by codifying a ... theory of immunity ... in U.S. courts.... By virtue of the FSIA, ... *international organizations are now subject to the jurisdiction of our courts in respect of their commercial activities....*" Letter from Roberts B. Owen, Legal Adviser, State Department, to Leroy D. Clark, General Counsel, Equal Employment Opportunity Commission (June 24, 1980) (emphasis added), *reprinted in* Marian L. Nash, *Contemporary Practice of the United States Relating to International Law*, 74 Am. J. Int'l L. 917, 917-18 (1980). *Oss Nokalva Inc. v. European Space Agency*, 617 F. 3d 712 (2010)

Nevertheless, despite these powers and court decisions, DoJ claims that the Defendant Susan Rice is bound or incapacitated by earlier court decisions that DoJ claims do not allow her to use any such legal authority for any reason. In fact, the situation is the reverse. Because the issue here is protection of Plaintiff's fundamental rights, the courts must apply a strict scrutiny test to any attempts that would restrict Defendant's authority to protect and assert those rights. The standard of review here is high. The presumption is in Plaintiff's favor. The test will weigh Plaintiff's rights against any "compelling state interest" in restricting those rights and in the means used and in determining when excuses that cause harms are in fact inexcusable. *United States v. Carolene Products Company*, 304 U.S. 144 (1938).

In this case as in many of the cases where the UN has had to answer and assert its claim to immunity in U.S. courts, the state interest that Defendant Susan Rice must claim is the legitimate promotion of the UN and its objectives and the inability to use the least

restrictive alternative that already exists, such as Defendant's authority to simply grant

Plaintiff a "limited waiver" of Defendant UN/UNDP's immunity under the IOIA so that

he may pursue his claims in protection of his fundamental rights.  Here, not only is

Plaintiff seeking to protecting his rights but he notes an additional factor in the balancing

test that must also be taken in his favor.

Plaintiff has alleged that the acts by the UN are in violation of UN charter (ultra

vires of that charter) and constitute egregious misconduct for which the UN/UNDP and

the U.S. government have a legitimate interest and duty to investigate and stop as part of

its commitment to justice and accountability.  It is hard to believe that either Defendant

Susan Rice or the UN/UNDP would argue that blaming a sovereign government for

misconduct or (allegedly) defrauding a Member State and playing countries off of each

other to protect the interests of officials is the legitimate purpose of the UN.   It would

also be hard to believe that they would claim that undermining the sanctity of contract

and rights protections are part of the UN mission because they are in fact direct

contradiction to the UN's mission.  Indeed, the very purpose of the UN is to act "in

conformity with the principles of justice and international law, adjustment or settlement

of international disputes or situations which might lead to a breach of the peace" (*UN*

*Charter*, Article 1) and "To develop friendly relations among nations" (UN Charter,

Article 2).  Both are under threat here.

Indeed, by claiming that sovereign immunity of UN is "absolute" and that neither

Defendant has any duty to promote the purposes of the UN or to challenge violations of

those purposes, DoJ is implying that the UN may violate its own charter and cause any

harm it wishes with impunity and that Defendant Susan Rice has no duty or responsibility

at all to the Constitution or to the law. Neither the courts nor the statutes recognize immunity as a license for lawbreaking.

In this case, not only do such powers exist for Defendant to protect Plaintiff's constitutional rights, and not only has Plaintiff asserted that Defendant has made every effort to avoid exercising them, but it appears now in documents brought to this court by DoJ on behalf of the Defendant, that Defendant Susan Rice, has also worked in concert with Defendant UN/UNDP to condone and to increase the harms to Plaintiff. Indeed, beyond the evidence that Plaintiff has already submitted to the court in his complaint, the Court can view DoJ's Statement of Interest as a means by which Defendants appear to be acting in concert to evade process and to increase costs and harms to Plaintiff.

The Court itself may already infer that Defendant Susan Rice has violated her duty to Plaintiff simply by examining DoJ's Statement of Interest and the attached letter from UN/UNDP's Legal Office to Defendant Susan Rice that is now Exhibit A, alongside DoJ's Motion to Dismiss.

Defendant Susan Rice knows directly from several communications from Plaintiff and Plaintiff's lawyers and again from the pleadings in this case that there is evidence suggesting conflict of interest and misconduct by the UN/UNDP's legal office on this matter. This was the basis of Plaintiff's request to Defendant Susan Rice to act on his behalf. Defendant Susan Rice also knows directly from UN/UNDP's lawyers in Exhibit A, a letter not from the Secretary General but from Patricia O'Brien, the UN's Undersecretary General for Legal Affairs, that the UN/UNDP had not only not been formally served on this complaint but that it was seeking to insulate itself even from court process and was requesting Defendant Susan Rice's help in doing so. One can infer the

citation of Section 18 (a) of the General Convention that "[o]fficials of the United Nations shall ... be immune from legal process in respect of words spoken or written and all acts performed by them in their official capacity" as an attempt to immunize UN/UNDP's lawyers from oversight of their own misconduct that Plaintiff has alleged.

Defendant Susan Rice knows from Plaintiff's pleadings that UN/UNDP lawyers have ended communications with Plaintiff on what Plaintiff understands as their recusal in the matter due specifically to their conflict of interest. DoJ is certainly aware, given its Statement of Interest, that UN/UNDP has evaded process in this case, has refused any communication at all with Plaintiff on this court case, and that this has led Plaintiff to Motion for Court Service of Defendant UN/UNDP and Sanctions Against Said Defendant for Refusal of Service (on April 13, 2013). Defendant is also aware from that motion that Defendant UN/UNDP's belief in immunity is not considered "good cause" for evading service and the sanctions that ensure under Rule 4 of the Federal Rules of Civil Procedure (and Form 5, mandated by FRCP 4) d)). Defendant is also aware that the determination on a UN/UNDP waiver is not a decision by an individual who may have a conflict of interest at the UN but is the duty of the Secretary General (*UN General Convention*, Article 20) and is subject to determinations of the U.S. courts and precedents finding implied waivers that would apply to this case (*Oss Nokalva*).

Yet, rather than bring this letter to the attention of the Court and Plaintiff when it was received (on or around February 26, 2013) and rather than advise UN/UNDP to follow FRCP 4, this letter is now part of DoJ's Statement of Interest that asserts the interests of UN/UNDP lawyers and other officials in evading Rule 4. Indeed, it appears that Defendant Susan Rice, DoJ and lawyers at UN/UNDP are acting in concert in an

attempt to violate Plaintiff's rights with Defendant Susan Rice exercising no independent

duty to ensure compliance with the law and protection of Plaintiff's rights.

That belief is further suggested by statements in DoJ's Motion to Dismiss that

"plaintiff needed to resolve his contract dispute with the entity alleged to have improperly

denied him a job" and not with Defendant Susan Rice (page 8) and by presentation of

letters from the UN/UNDP lawyers that infer the availability of some unspecified remedy

from UN/UNDP.  This appears to be an attempt by Defendant Susan Rice to "whipsaw"

Plaintiff between two actors while simultaneously working to undermine any due process

remedies from either.  Exhibit A, the letter from Patricia O'Brien, the Under Secretary

General for Legal Affairs of the UN, closes with an unsworn statement that "the

Organization [sic] has extensively discussed Mr. Lempert's grievances with him and

remains available to continue these discussions, if necessary, in a manner consistent with

the privileges and immunities enjoyed by the Organization and its officials under the

applicable legal instruments", whatever that may mean.  Plaintiff has sworn in his

complaint that the only communications he has received from the UN are those he

characterizes as denial of process, harassment or pressure to condone wrongdoing and

misconduct that Plaintiff views as in violation of the law and the UN mission.  Plaintiff

has noted the absence of communications from UN/UNDP lawyers and the refusal of

UNDP to answer two requests from the U.S. State Department to resolve this matter.

Plaintiff therefore believes that the Court could find that the acts of Defendant Susan Rice

and DoJ in presenting a Statement of Interest that claims immunity even from process on

behalf of Defendant UN/UNDP could be viewed as an attempt to undermine Plaintiff's

rights by creating an inference that some due process remedy is available to the Plaintiff

from the UN/UNDP where Defendant Susan Rice knows of none and has worked to assure that no such right is available.  Some might view that as a coordinated attempt not merely to evade the Court's reach, in legitimizing a violation of FRCP Rule 4, but to potentially defraud this Court.

There are more than enough grounds here for subject matter jurisdiction.

## II.    Defendant Susan Rice is Liable For the UN/UNDP's Alleged Breach of Contract and For the Torts of Fraud and "Harassment"

Most of DoJ's arguments for dismissal based on lack of grounds in Plaintiff's claims are inapplicable to this suit and should be disregarded because Plaintiff's claims for recovery against Defendant Susan Rice seek redress for violation of Plaintiff's constitutional rights on a *Bivens* theory of recovery against said Defendant, based on principles of private civil actions for civil rights claims under 42 U.S. Code § 1983, rather than for divisible statutory claims in contract and tort against the U.S. government. Defendant Susan Rice is jointly and severally liable for contract and tort damages for her actions in concert with Defendant UN/UNDP and Plaintiff can ask for remedies that make Plaintiff "whole", including equitable remedies.

Plaintiff meets the standard of claims for a *Bivens* action and has asked for appropriate relief in both monetary and equitable remedies which are appropriate to this harm.  Plaintiff has met the standards for appropriate administrative notifications to Defendant Susan Rice and to the U.S. government for this type of claim to go forward. Plaintiff has also offered sufficient evidence in the pleadings that can directly link Defendant Susan Rice to all of the harms for which he has asserted claims, with substantiation of claims of harassment and tort to be offered at trial with expert testimony

and constructive notice of how officials like Susan Rice use or do not use their powers in
concert with other agencies (in this case, UN/UNDP and apparently other government
actors) to create specific harms to individual citizens like the Plaintiff in evasion of
Constitutional duties.

Even though Plaintiff believes there is a very simple and quick remedy in this
case that Defendant(s) could have exercised at any point and still can at any time to
resolve this matter, as a legal case this is difficult for everyone involved.  The approach
that Plaintiff has taken in this case in a arguing *Bivens* theory and stating claims is one
that seeks to make it easiest for the Court and the parties to find remedies.

This case can be complex because of multiple interests (and potential for conflicts
among those interests), multiple officials with different responsibilities, and different
legal theories of duties and recoveries.  The "just" result and the harms may be clear but
the legal solution raises many issues of interest balancing and allocation of responsibility
and action.  In a *Bivens* type case, Defendant Susan Rice is the named defendant but she
is represented by DoJ, who also simultaneously is tasked by this court to offer a
Statement of Interest of the U.S. Government (28 U.S.C. § 517: *Interests of US in Pending
Suits*) without clearly stating which "interests of the U.S." are to be presented and how,
though clearly recognizing that they are plural (*interests*) and not a single "interest" of a
particular official or department or of the administrative branch.  Though DoJ has not
presented the full range of interests to this court that are also to be considered in the
structuring of remedies in addressing Plaintiff's claims, such "interests" also include
those of assuring the specific purpose and mission of the UN/UNDP, of the constitutional
due process rights of Plaintiff and all other U.S. citizens who contract and interact with

the UN/UNDP and interact with Defendant Susan Rice, and of government accountability and responsibility (which Defendant Susan Rice recognizes on her website, noted above). These are different from the interests of specific individuals who fill different roles like Defendant Susan Rice and even those whom DoJ may choose to protect and with whom Defendant Susan Rice interacts, such as specific UN/UNDP lawyers and they are also specifically relevant to the claims made under a *Bivens* theory, using a private right of action approach.

In choosing to make claims using a *Bivens* theory and in offering evidence as a basis for the claim on how Defendant Susan Rice and Defendant UN/UNDP can and do work in concert (but without full transparency of that process) in a way that makes them jointly and severally liable for interrelated claims in contract and tort, Plaintiff seeks to make it easy for the Court to reach the "just" solution in this case in a manner that not only will save time for the Court and the Parties but will best protect multiple interests.

The purpose of remedies under a private right of action under *Bivens* and the civil action approach on which it is based is to compensate the Plaintiff for harms and to create incentives for Defendants to protect others from future similar harms. In a theory of private rights of action, the Plaintiff essentially stands in the position of a "private attorney general" enforcing the law where a violation of an official duty has occurred. In this case, Plaintiff seeks remedies that would make him whole, including both monetary damages and protection of his future interests in work with the UN/UNDP and U.S. government; both the property interests that are to be protected and the additional protections that are offered by the due process protections of the Fifth and Fourteenth Amendments that Defendants have denied him. Plaintiff's interests can only be fully

protected by remedies that also create incentives for due process reforms that include

investigations of wrongdoing.  In tort cases, courts routinely follow common law

principles recognizing that punitive damages and equitable relief are important elements

in remedies to correct systematic failures that have led to harms such as the denial of

rights.  In this case, the Court can identify both individual fault in the actions and

inactions of Defendant Susan Rice, as well as systematic failures in oversight at

Defendant UN/UNDP and in Defendant Susan Rice's role in that oversight and the

Plaintiff has the right under a *Bivens* theory to ask for such remedies as would address

these failures.

Plaintiff has met the requirements for a *Bivens* claim.  He has alleged that he "was

deprived of a constitutional right" (5[th] and 14th Amendment due process) "by a federal

agent" (Susan Rice) "acting under color of federal authority" (in her position as U.S.

Ambassador to the United Nations) *Ali v. Cassanta*, 2007 U.S. Dist. LEXIS 37298 (D.

Conn. May 21, 2007).

The courts fully recognize such claims in assertion of Fifth Amendment due

process rights *Young v. Pierce*, DC Tex. 544 F.Supp. 1010 (1982).  As a victim of a

constitutional violation, Plaintiff has the right to recover damages against the official in

federal court despite the absence of any statute conferring such a right.  *Bivens v. Six

Unknown Agents,* 403 U.S. 388 (1971).

Plaintiff has given clear administrative notice to the Defendant Susan Rice and to

the U.S. State Department including its legal office, on several occasions, with a

statement of his constitutional claim and a statement of the amount.

Since the origin of *Bivens* claims is in the enforcement of fundamental rights, the remedies that Plaintiff may seek may also be analogous to those of a "private attorney general" enforcing Constitutional rights with remedies calculated to compensate for the harm in ways that can include damages or injunctive relief. The Court has wide latitude to consider the appropriate remedies, limited only by the existence of specific statutes providing alternate remedies (*Carlson v. Green*, 446 U.S. 14 (1980)). Yet, even where alternative remedies may exist, the Supreme Court has ruled that even with "an explicit congressional prohibition against judicial remedies for those in petitioner's position" the court may consider alternative remedies (*Davis v. Passman*, 442 U.S. 228 (1979).)

This case, like others based on civil rights violations and *Bivens* theory of recovery, is really a tort case with remedies including those available in tort: damages (in this case measured by the vested property right of Plaintiff's contract), property rights lost due to fraud, harassment, and punitive damages that the courts may choose to award as well as equitable relief.

In this case, the existence of alternative remedies such as the Federal Tort Claims Act and Plaintiff's decision not to begin to seek recovery in tort under that act and its requirements does not preclude Plaintiff from seeking the same recoveries under a tort theory from Defendant Susan Rice, including one in which she can be found jointly and severally liable with Defendant UN/UNDP (28 U.S.C. § 2679). That statute specifically allows for non-exclusive remedies and recognizes that exclusiveness of the remedy "does not extend or apply to a civil action against an employee of the Government—(A) which is brought for a violation of the Constitution of the United States." If the court were to find that the United States or other officials could be considered liable for the same

actions that Plaintiff pleads here, the Court could extend claims to the U.S. Government under that Act in an effort to fashion an appropriate remedy.

DoJ, not Plaintiff, raises the question of whether Plaintiff needs to seek contract damages from the United States rather than Defendant Susan Rice directly under the Tucker Act in order to claim contract damages as part of a recovery 28 U.S.C. § 1491 (*Tucker Act*) and 28 U.S.C. § 1346(a) (*Little Tucker Act*) and also raises questions on the theory of contract liability here.  While Plaintiff does not wish to preclude the court from considering such a theory of recovery if the Court believes it is not inconsistent with Plaintiff's *Bivens* approach and would provide an appropriate remedy, Plaintiff is not claiming that Defendant Susan Rice has breached his contract.  He is claiming that Susan Rice is liable for damages of the breach on a tort theory due to her violation of Plaintiff's due process rights to seek such damages against Defendant UN/UNDP with her duty to assist in such recovery.  In this case, the theory of responsibility is closest to one of "tortuous interference with contract" in which Defendant Susan Rice's actions and inactions have contributed to inability to protect Plaintiff's contract rights.  Though the Court here may wish to entertain the theories of whether Susan Rice, as the U.S. Ambassador to the UN, can assume the contract responsibilities of an organization to which the U.S. is a member, whether her responsibility for oversight of UN spending and accountability of its funds creates a "Master-Agent" relationship with UN agencies such as UNDP, or whether the responsible party in the US may (also) be the "U.S. government", these determinations are not essential to Plaintiff's claim to seek contract damages from Defendant Susan Rice in this case under a *Bivens* claim.

The theory of recovery that Plaintiff has chosen for Defendant Susan Rice is indeed the one best suited to the facts of this case given that both Defendants appear to be working in concert with each other in ways that undermine the stated duties of both to protect Plaintiff's due process rights.

Plaintiff has based his claim on a theory of "joint and several" liability of both Defendants because both, together, have the ability to resolve this matter as well as to grant appropriate due process procedures and remedies that will make Plaintiff whole. Yet, neither has taken any responsibility and as court documents now show, they are working together to defeat Plaintiff's access to any remedy. Defendant Susan Rice claims that Defendant UN/UNDP is responsible for Plaintiff's harms but at the same time she acts in concert with DoJ to protect UN/UNDP from even having to respond to court process, knowing at the same time that UN/UNDP offers no due process remedies or procedures to Plaintiff. Meanwhile, in response to attempts to serve process on Defendant UN/UNDP, Defendant UN/UNDP's lawyers, who themselves may be guilty of misconduct, seek help from Defendant Susan Rice in immunizing themselves from this Court and in evading any scrutiny or solutions (as argued above).

While DoJ questions how Defendant Susan Rice's inactions and simple transfer of Plaintiff's requests for Constitutional protections back to Defendant UN/UNDP without any mention of Plaintiff's rights or UN duties can substantiate Plaintiff's tort claim against Defendant Susan Rice, DoJ is treating both the Court and the Plaintiff as outsiders who do not know how officials in the executive branch send signals to each other of their indifference to citizen claims in ways that can be calculated to cause known harm and to avoid responsibilities.

At trial, Plaintiff will present experts to the Court explaining how administrators use the "buck" system for transferring citizen requests in ways that signal requests are to be evaded, with knowing consequences of harm to those citizens that amounts to harassment.  Plaintiff will detail for the court how other requests or lack of response or misdirection are also used by executive agencies for the specific purpose of avoiding duties and increasing costs to citizens seeking protections of their rights.  Plaintiff will also demonstrate how administrative agencies use inaction and transfer of matters to evade responsibilities to citizen protections.  In this case, Plaintiff will show how Defendant Susan Rice's actions and inactions can easily be interpreted as signaling a lack of interest in exercising her duty to protect Plaintiff's rights as well as a coordinated action with Defendant UN/UNDP to continue harms.  Plaintiff will also show that my not exercising other available options and forms of communication that Defendant Susan Rice's inaction was also a cause of harm.  Indeed, in Plaintiff in making a tort claim may present wrongful "omission" as a basis for recovery (under both 28 U.S.C. § 2679 b) as well as in the Civil Action for Deprivation of Rights, 42 U.S. Code §1983) and the courts must protect the right to present such evidence as the basis of these tort claims.  In this case, the court can also choose to take constructive notice of how Defendant Susan Rice's communications with Defendant UN/UNDP "on behalf" of the Plaintiff signaled a lack of attention and therefore an endorsement of the continuing harms and denial of rights that Plaintiff and his lawyer had consistently reported to both Defendants.

In seeking claims against both Defendants on a theory of joint and several liability due to actions in concert, it is not the responsibility of Plaintiff to show that each Defendant is directly responsible for each and every harm.  The doctrine of joint and

several liability is specifically suited to cases like this one where the harms would not

occur "but for" the actions of both Defendants but where the specific responsibilities and

liabilities must be apportioned somehow between the Defendants and where lack of

transparency may prevent Plaintiff from knowing the specific share of responsibilities of

each Defendant in contributing to the full harm.

Here, it is clear that Defendant Susan Rice is jointly and severally liable with the

Defendant UN/UNDP. "But for" her inaction in protecting Plaintiff's constitutional right

to due process and asserting her authorities in seeking redress with the Defendant

UN/UNDP, Plaintiff would have a remedy to immediately receive redress from

UN/UNDP for the harms caused and access to due process.

Though DoJ seeks to find that Plaintiff did not do enough to bring his claims to

the attention of government, Plaintiff clearly sought assistance from Defendant Susan

Rice and from the State Department's Office of Legal Counsel in order to assert his

claims, and if there is any fault to be asserted here, it must be against Defendant for not

fulfilling her duty to Plaintiff when he brought his claims to her and asked for her help,

only to be treated with silence.

It is ironic that in Defendant Susan Rice's Motion to Dismiss, DoJ stresses the

need for Plaintiff to first present his claims and seek redress from a federal agency in

following the principles for administrative claims under 28 U.S.C. § 1491. In this case,

that agency was the office of Defendant Susan Rice, the UN Ambassador to the United

Nations, and the U.S. State Department. Plaintiff sought all of the administrative

remedies available that Defendant is empowered to provide, with the help of a lawyer.

Plaintiff asked, waited, waited, asked again, waited, asked again, waited, asked again,

then asked the State Department's lawyers, and other offices in the State Department, and then sought help through Congress.  Plaintiff exhausted every available remedy which he knew and to which he was directed and has documented all of this in the Pleadings.  All of this came with continuing expense, continuing harm to Plaintiff and with no resolution and no results.  Through her inaction and signaling to Defendant UN/UNDP and through documents to this court that demonstrate an unwillingness to exercise her duty to protect Plaintiff's constitutional rights, Defendant Susan Rice has exacerbated the harms to Plaintiff.

Defendant Susan Rice cannot have it both ways.  Either the UN is separate and U.S. has review powers that enable Plaintiff to immediately protect his due process rights without any action from her, or Defendant Susan Rice is a contributory agent to the harm in violation of those rights given her indifference to his requests for protection.

Finally, Defendant Susan Rice's Motion to Dismiss asks why it is that Plaintiff is seeking a "full, thorough and independent investigation" of the misconduct alleged in his Complaint and on what grounds, and implicitly raising the question of whether this applies to Defendant Susan Rice.  The answer is simple.  Plaintiff seeks his full due process rights, both for protection of his future property interests in employment with the UN/UNDP and U.S. and for improvement in an apparently failing oversight system that is Defendant Susan Rice's responsibility to assure.  A *Bivens* claim as a "private right of action" is partly equivalent to the claim of a "private attorney general" acting on behalf of the United States to require actions that the Attorney General of the United States should guarantee but has failed to assure.  In this case, DoJ has failed to require Defendant Susan Rice to work with the UN/UNDP to hold officials accountable and to establish appropriate systems of due process. The UN General Convention and the duties of Susan Rice's office both recognize this

responsibility (cited above). But here, they and DoJ are acting to evade this remedy rather than to enact it.

Establishing independent investigation procedures and assuring that they are followed when an affected party like Plaintiff requests them is exactly what a due process remedy requires of Defendants. In this case, Plaintiff has a vested property right expectation not merely in this contract but in fair procedures by which he may seek future contracts. The contract that he was awarded and that was breached had the opportunity for renewal. In this case, not only has Plaintiff suffered loss of his contract and harassment, but the very individuals who breached his contract have never faced any independent review of their conduct. Plaintiff believes that their individual actions violate UN regulations and also believes that these individuals have the power to cause continuing harm to Plaintiff and to others (in ways that would harm U.S. interests and the interests of the U.N.). The only way to assure a full remedy for Plaintiff is to assure that such investigative procedures are in place and that such investigations are conducted with due diligence. Plaintiff has documented these requests, the lack of attention to them and the inability of current procedures to meet the standards of protection and due process to which he is entitled.

Plaintiff's claims and theory of recovery against Defendant Susan Rice are clear. They are justified by the law. They are supported by the pleadings. Plaintiff has asked for remedies that are within the powers of this Court and that promote judicial efficiency. The Court must uphold these claims and order the Defendant Susan Rice to answer.

## CONCLUSION

Plaintiff asserts that the facts presented in the complaint are evidence of bureaucratic oversight failures both within the administrative systems of Defendant

UN/UNDP and in U.S. oversight of U.S. interests within the administrative systems of Defendant UN/UNDP which are the duties of Defendant Susan Rice (and now, also, of DoJ).

In Plaintiff's view, the facts as presented by Plaintiff lead to the conclusion that the bureaucracy with the UN/UNDP has failed. UN/UNDP officials sought to expand funds under their control, apparently by defrauding one foreign government (Australia) with complete disregard for Plaintiff, a professional with whom they had already contracted. Such activity appears to be that of playing countries against each other for bureaucratic interests and outside of the purposes for which the UN was chartered.

When Plaintiff discovered what had happened and offered solutions to UN/UNDP, rather than correct the problem, apparently Defendant UN/UNDP sought to cover it up through additional misconduct, blaming another country. As Plaintiff has alleged, even UN lawyers appear to have become party to the misconduct.

Plaintiff sought help from Defendant Susan Rice, which is the appropriate government channel for resolving such matters with Defendant UN/UNDP. Defendant Susan Rice has the authority to resolve the problem and the Constitutional duty and stated responsibility to do so in protection of Plaintiff's Fifth and Fourteenth Amendment due process rights. Plaintiff has presented evidence that Defendant Susan Rice had many opportunities to resolve this matter, possibly even with just a phone call or Diplomatic note and could have done this at any time. She also has the power and the duty to make due processes available to Plaintiff for protection of Plaintiff's rights. For both Defendants, the amount at issue is relatively minor compared to their budgets and this is a relatively small and simple matter for them to resolve but they have chosen not to.

In considering Plaintiff's claims, the Court also has the opportunity to examine the actions of the Defendants before this Court. Why would Defendant Susan Rice and the DoJ exert the effort to not only try to dismiss this case against Defendant Susan Rice but work in concert with Defendant UN/UNDP to suggest that UN/UNDP can even evade service under FRCP 4 despite its provisions? Why claim that neither has power and then act to assure that the courts do not require them to use the powers that they have a duty to use? Why is it that instead of acting to resolve the matter and enforce the law, DoJ appears to be protecting inaction and continuing the harms?

Plaintiff believes that the Motion to Dismiss and the action of Defendant and/or DoJ in concert with UN/UNDP lawyers to seek to evade process could be viewed as attempts to set a precedent that would place both Defendants above the law and to nullify the role of the courts in oversight of activities of both Defendants.

This court has the power to direct the Executive Branch to act in orders to the Defendant or to the DoJ or both and pleads that the Court exercise that authority.

Plaintiff draws the attention of the court to the opinion of Justice Louis Brandeis in a case that established the precedent for protecting the rights of citizens as Plaintiffs to maintain their actions against a U.S. government official. "Decency, security and liberty alike demand that government officials shall be subjected to the rules of conduct that are commands to the citizen. In a government of laws, existence of the government will be imperiled if it fails to observe the law scrupulously. Our government is the potent, omnipresent teacher. For good or for ill, it teaches the whole people by its example. Crime is contagious. If the government becomes a lawbreaker, it breeds contempt for the

law, it invites every man (*sic*) to come a law unto himself (*sic*). It invites anarchy.
(*United States v. Olmstead*, 277 U.S. 438 (1928))

In contracting with U.S. citizens, the UN/UNDP must respect U.S. constitutional standards and it is the duty of Defendant Susan Rice (and DoJ) to protect those standards. For all of the above reasons, this case must go forward.

Plaintiff David Lempert, acting as his own attorney Pro Se, avers, on personal knowledge as to himself, and on information and belief as to all others, all of the above statements.

May 13, 2013                          Respectfully submitted,

                                      (electronic sign.)

                                      David H. Lempert, Pro Se
                                      California Bar Number 124761

## CERTIFICATE OF SERVICE

Plaintiff David Lempert, acting as Attorney Pro Se, certifies that a copy of this Opposition to Defendant Susan Rice's motion has been mailed to attorney for the Defendant, Mr. Nicholas Cartier, U.S. Department of Justice, P.O. Box 883, Washington, DC 20001 by an agent of Plaintiff at the same time that this document has been mailed to the Court.