# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DAVID H. LEMPERT,
c/o Walter Schwartz
110 Crestview Place
Ardsley, NY  10502
(A U.S. citizen residing overseas,
with most recent U.S. residence in
the District of Columbia)
                Plaintiff,

v.

_____

SUSAN E. RICE,
U.S. AMBASSADOR TO THE
UNITED NATIONS,
Washington, D.C.
                Defendant

UNITED NATIONS and
UNITED NATIONS
DEVELOPMENT PROGRAMME,
Washington, D.C.
                Defendant.

Case: 1:12-cv-01518
Assigned to: Kollar-Kotelly, Colleen
Assign Date: 9/13/2012
Description: Contract

## PLAINTIFF'S MEMORANDUM TO RESPOND TO NEW ARGUMENTS FOR DISMISSAL RAISED BY THE DEPARTMENT OF JUSTICE, CHALLENGING USE OF A BIVENS CLAIM AGAINST DEFENDANT SUSAN RICE WHO IS NOW WESTFALL CERTIFIED AND TO QUERY THE COURT ON ISSUES RELATING TO AMENDMENTS TO THE COMPLAINT AND/OR SERVICE

Plaintiff responds in this Memorandum to new arguments for dismissal raised in

the Reply in Support of Defendant Susan Rice's Motion to Dismiss ("Reply"), filed on

June 10, 2013 by the Department of Justice ("DoJ").

DoJ's Reply raises several new issues in an attempt to dismiss Plaintiff's *Bivens*

type constitutionally based tort claim and Plaintiff's complaint that were not previously

RECEIVED
Mail Room

JUN 2 0 2013

Angela D. Caesar, Clerk of Court
District Court, District of Columbia

argued by DoJ. These include a challenge to the service of the Defendant that would fall under Rule 12 (b) (5), new circumstances due to the introduction of *Westfall Certification of Defendant* (presented in an Exhibit A), and other new claims. DoJ is also offering a new authority that implies that the *General Convention on Privileges and Immunities of the United Nations* (21 U.S.T. 1418, 1 U.N.T.S. 16 (Feb. 13, 1946)) might itself be subject to questions on its constitutionality, and that by implication would create a new cause of action and/or theory of recovery against Defendant Susan Rice and/or the U.S. Government.

In responding to these new issues, Plaintiff also seeks leave of the Court to respond to queries on the benefit to the Court of any amendments to Plaintiff's Complaint or Service, under the Court's authority of Rule 15 on Amended and Supplementary Pleadings, (2) "when justice so requires."

## TABLE OF CONTENTS

PREFACE………………………………………………………………………………1

TABLE OF AUTHORITIES ............................................................................................4

INTRODUCTION ............................................................................................................5

ARGUMENT.....................................................................................................................6

STANDARD OF REVIEW................................................................................................7

I. Plaintiff Has Not Only Properly Served Defendant Susan Rice on a "Bivens" Type Constitutional Rights Claim and Met the Elements of Presenting Such a Claim but Said Defendant May Now Have Defaulted in Her Individual Capacity…7

II. The "Westfall" Determination by the U.S. Government Establishes a Parallel and Complementary Set of Remedies Against Defendant Susan Rice, Both in Her Individual Capacity and in Her Official Capacity, But Does Not Remove Said Defendant's Liability for Any Claims and is Not Grounds for Dismissal……9

III. The Response of Defendant Susan Rice and the U.S. Government to Plaintiff's Search for Administrative Remedies is an Example of Unclean Hands and Cannot be Grounds for Dismissal.   Plaintiff Has Fully Met Administrative Notification Requirements to Defendant and to the U.S. Government in Order to Substantiate Claims for Remedies and Has Exhausted Attempts at Administrative Remedies. .................................................................................................................................19

IV.  Rather than Call for Dismissal, the Department of Justice's Argument, that the General Convention on Privileges and Immunities of the United Nations Allows the U.N. to Violate Constitutional Rights of U.S. Citizens with "Absolute Immunity", would Logically Require that Plaintiff Continue the Case Against Defendant Susan Rice Under an Alternative Theory of Remedy by which the U.S. Directly Assumes All the U.N.'s Liabilities to U.S. Citizens……………………………………...20

CONCLUSION...............................................................................................................23

## TABLE OF AUTHORITIES

### CASES

*Bivens v. Six Unknown Agents*
403 U.S. 388 (1971)…………………………………………………………………………5

*Bush v. Lucas*
462 U.S. 367 (1983)……………………………………………………………………...14

*Carlson v. Green*
446 U.S. 14 (1980)…………………………………………………………………..,.10

*Correctional Services Corporation v. Malesko*
534 U.S. 61 (2001)………………………………………………………………………14

*Minnervi v. Pollard*
132 S. Ct. 617, 620 (2012)……………………………………………………………14

*Schweiker v. Chilicky*
487 U.S. 412 (1988)......................................................................................................14

*Wilkie v. Robbins*
551 U.S. 537 (2007)……………………………………………………………………...14

### FEDERAL STATUTES

*Federal Tort Claims Act (and Amended by the "Westfall Act")*
28 U.S.C. § 2679..................................................................................................9, 10, 11

### FEDERAL RULES

Fed. R. Civ. P. 4 …………….................................................................................................7

Fed. R. Civ. P. 8……………………………………………………...…………………..16

## INTRODUCTION

Plaintiff's pleadings have focused attention on the duties of Defendant Susan Rice to protect Plaintiff's Constitutional Fifth Amendment and related Fourteenth Amendment rights and have petitioned the court to order clear common law and statutory remedies to satisfy Plaintiff's claims where those rights have been violated. The pleadings and sworn statements of the Plaintiff meet the requirements of the Federal Rules of Civil Procedure 12(b)(1) for subject-matter jurisdiction and 12(b)(6) for statement of claims upon which relief can be granted.

DoJ has now introduced a series of new claims to seek to dismiss this case and to try to evade the responsibility of Defendant Susan Rice in her actions while serving as U.S. Ambassador to the United Nations as well as to evade any obligations on the part of the U.S. Government. These claims by DoJ largely seek to exploit the current state of ambiguity or overlap between the *Bivens* theory of private rights of action to protect constitutional rights that stems from the Supreme Court case *Bivens v. Six Unknown Agents,* 403 U.S. 388 (1971), and other doctrines, rather than seek to achieve consistency and solutions in following established underlying legal principles. These approaches are not simply to be discarded because of inconsistencies in their application[1]. Plaintiff seeks to maintain a focus on those principles in demonstrating a respect for the role of the Court and seeks to work cooperatively with the Court in efficient application of remedies.

The Constitution, statutes and case law allow plaintiffs to offer a variety of arguments to hold U.S. Government officials and the U.S. Government, itself,

---

[1] Recent legal scholarship, working to organize the legal doctrines, and on whom Plaintiff relies, offers some clarity. (*See*, Carlos M. Vazquez and Stephen I. Vladeck, "State Law, the Westfall Act, and the Nature of the *Bivens* Question, 161 U. Penn. L. Rev. 509-583 (2013)).

accountable to U.S. citizens, particularly in protection of fundamental constitutional

rights. These approaches at times are evolving, contradictory and applied in different

ways by the Courts  This creates confusion for Plaintiffs, Defendants in government

positions, and for the Courts, but these confusions are not excuses to evade such

protections. They are simply requirements for the parties to work together to try to shape

the remedies and protections to achieve the results that are in common interests. In this

case, Plaintiff does not see an adversarial relationship between Plaintiff, an attorney, and

the U.S. government, but continues to plead that the U.S. government and its officials

work with citizens to assure accountability of and to protect rights that are endangered by

international organizations like the United Nations and United Nations Development

Programme (UN/UNDP), the second Defendant in this case.


## ARGUMENT

Plaintiff has correctly served Defendant Susan Rice and has correctly presented a

*Bivens* claim on which said Defendant may now possibly be in default. Westfall

Certification of said defendant does not negate these claims but in fact opens up

opportunities for expanded remedies precisely of the type Plaintiff seeks. At the same

time, the Court is free to choose from a set of parallel remedies to shape an appropriate

solution. Indeed, DoJ's memoranda seeking to dismiss this case actually offer a new

theory of recovery that the Court can consider in moving this case forward. Plaintiff has

done everything possible to seek such administrative solutions from Defendant, the

offices of the U.S. Department of State, and throughout the U.S. Government but has

been met by indifference and inaction. Defendant must bear the responsibility for that

inaction and seeking to blame it on Plaintiff is an example of "unclean hands" on the part

of DoJ.

## STANDARD OF REVIEW

I.  **Plaintiff Has Not Only Properly Served Defendant Susan Rice on a "Bivens" Type Constitutional Rights Claim and Met the Elements of Presenting Such a Claim but Said Defendant May Now Have Defaulted in Her Individual Capacity**

DoJ's Reply argues that "the Court would lack jurisdiction over any Bivens claim

because Ambassador Rice has not been personally served" (Argument III, p. 8). In fact,

following the directions of Plaintiff and the actions of process servers and as reported to

the court in Plaintiff's Memorandum to the Court on January 22, 2013, Susan Rice has

been personally served as of January 11, 2013 by Same Day Process Service in

accordance with the Federal Rules of Civil Procedure and a copy of such proof of service

in a signed affidavit has been filed with the Court on or about January 22, 2013.

Plaintiff's actions and clear intent meet the requirements for an officer served

individually.

The appropriate Federal Rule of Civil Procedure for "Officer or Employee Served

Individually" is Fed. R. Civ. P. 4(i)(3) that requires a plaintiff to "serve the United States and

also serve the officer or employee under Rule 4(e), (f), or (g)." Under Rule 4(e), service may

be completed either (A) "personally", (B) ""at place of abode", or (C) "to an agent authorized

by appointment or law to receive service of process".

What clearly distinguishes this "personal" service "individually" under Rule 4 (i)(3)

from service on a defendant in an "Official Capacity" under Rule 4 (i) (2) is the priority of

7

service. In service on a defendant in an "Official Capacity", the U.S. government is formally served and the individual officer is simply notified through "registered or certified mail".

Plaintiff not only named Susan Rice, personally, as the Defendant, rather than the U.S. State Department or the "Office of U.S. Ambassador to the United Nations", and fully stated the elements of a *Bivens* claim, but hired a process server to make that service first in fulfillment of the essential provision of Rule 4 (i)(3), and then, subsequently, assured that the Department of Justice received notification. Plaintiff's intent is clear on the face of the complaint. In choosing the second Defendant, Plaintiff served an organization, the United Nations, and its agency, the United Nations Development Programme ("UNDP"), and specifically did not name individually either the U.N. Secretary General or the head of the UNDP. The naming of Susan Rice as the first Defendant and the selection of agencies without any designation of individuals as the second Defendant affirms Plaintiff's intent.

Plaintiff exercised due care not only to assure proper personal service but also to assure it in such a way as to protect the dignity and person of Defendant Susan Rice. Plaintiff discussed service with three different process servers. Plaintiff relied on the advice of such process servers to serve Defendant through her office with an official at the State Department specifically designated to receive process in fulfillment of Rule 4 (e) (C). Plaintiff did not try to have Defendant served either at her home or person in respect for Defendant.

If such service or the reporting of such service by third parties has been faulty in any way, the interests of justice would allow Plaintiff an opportunity to correct such service, but Plaintiff is as yet unaware of any fault in having chosen to serve Susan Rice through "an agent authorized by appointment or law to receive service of process'.

DoJ cannot now claim that Plaintiff sought to prejudice Defendant Susan Rice or the U.S. Government or that either have suffered such prejudice because Plaintiff specifically alerted DoJ's attorney, Mr. Nicholas Cartier, in an e-mail on April 12, 2013, that Plaintiff

8

was making a *Bivens* claim. DoJ cannot now claim that it was unaware of the *Bivens* claim or that Plaintiff should bear the burden of any mistakes by DoJ in recognizing that claim.

Plaintiff believes that, in fact, Defendant Susan Rice may now be in default and the Court may be able to issue a judgment against her on the *Bivens* claim.

Given that Defendant Susan Rice was served personally on January 11, 2013, with notification to DoJ on February 25, 2013, and some 100+ days have gone by since that service, she may have forfeited her ability to respond to the *Bivens* claim.

While DoJ may be attempting to immunize Defendant Susan Rice through Westfall Certification, as of May 28, 2013 (Exhibit A), whatever protections that might confer may not be retroactive to offer Susan Rice a Defense now to a *Bivens* claim.

## II.  The "Westfall" Determination by the U.S. Government Establishes a Parallel and Complementary Set of Remedies Against Defendant Susan Rice, Both in Her Individual Capacity and in Her Official Capacity, But Does Not Remove Said Defendant's Liability for Any Claims and is Not Grounds for Dismissal

In now presenting a "Westfall Certification" (Exhibit A) for Defendant Susan Rice, DoJ offers new arguments for dismissal (DoJ Reply, Argument II A., p. 5, and Argument IV, p. 11) based on a common misconception about the implications of such a certification as to remedies and liabilities of government defendants that is not grounded either in the "Westfall Act" (amending the *Federal Tort Claims Act ("FTCA")*, 28 U.S.C. § 2679), or in case law. The remedies in tort that are offered by the Westfall Act are not "either-or" depending on whether a Defendant is certified as either acting in her official capacity or acting as an individual and using the powers of her office ("for an action or omission occurring in connection with duties performed on the United States behalf" to quote the language under which Defendants are served as individuals under Federal Rules

of Civil Procedure 4 (i) (3) that relate to *Bivens* claims) but whether the act itself is in violation of a Plaintiff's constitutional rights ("(2) a civil action which is brought" (A) for a violation of the Constitution of the United States") (*FTCA*, 28 U.S.C. § 2679).

If there is a violation of Plaintiff's constitutional rights, the Courts look at the act itself, rather than focus on the specific status of the official, and shape the remedies in ways that are parallel and complementary.  Plaintiff has already argued how the text of the act specifically allows for two types of tort claims to be made simultaneously.  This is the holding of the Supreme Court in interpreting the act.  "[W]hen Congress amended [the] FTCA in 1974 ... the congressional comments accompanying that amendment made it crystal clear that Congress view[ed] [the] FTCA and *Bivens* as parallel, complementary causes of action." *Carlson v. Green*, 446 U.S. 14, 19-20 (1980).

Looking at a broad range of cases shows that neither the remedies nor the status of the official create exclusivity (161 U. Penn. L. Rev. 509-583 (2013)).  They simply shift the attorney responsible for responding to the DoJ (under section (d) (1)) but do not change the liabilities or actions. ("Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant" 28 U.S.C. § 2679)  In fact, they do the opposite.  They open up the scope of remedies and recovery to those that can be undertaken by the U.S. Government while leaving the question of the elements of the tort (the Constitutional violation) the same.  This seems clear in the plain meaning of the Act.

Because the substitution of the "United States" as the Defendant for "Susan Rice" only changes the name of the Defendant, it does not change the cause of action, but it does widen the potential remedies to include forms of equitable relief that the U.S. government can offer (particularly suited to a case like this where Defendant Susan Rice may now be replaced but where her office and the U.S. Government assume her duties to protect Plaintiff's Constitutional rights).

A.    **Defendant Susan Rice's "Westfall Certification" Does Not Create Grounds for Dismissal of Claims Against Her in Tort Since these Claims Can Still Be Maintained as the Basis of a Parallel "Bivens" Action.**

DoJ is now seeking to dismiss Plaintiff's tort claims against Defendant Susan Rice on grounds that she is now immune from tort claims under the Westfall Act (DoJ Reply, Argument I. A., p. 5), claiming "immunity from common-law tort claims arising out of acts [government officials] undertake in the course of their official duties." Here, DoJ is simply confusing Constitutional torts that are allowed under *Bivens* theories, with common law torts that do not have a constitutional basis. The Westfall Act recognizes these parallel tracks within the wording of the act (28 U.S.C. § 2679) and Westfall certification does not lead to the dismissal of *Bivens* tort claims. If the Court wishes to award Plaintiff remedies on a theory of common law tort, Defendant's obligations are simply transferred to the U.S. Government but the claims are not dropped.

B.    **Plaintiff's Selection of a "Bivens" Type Tort Claim and Reluctance to Mention the Westfall Act in His Complaint Does Not Imply a Dropping of Claims Against Defendant Susan Rice for Recovery for Damages in Fraud and Harassment but is an Attempt to Protect the Efficiency of the Court in Its Awarding of Remedies.  There are No Grounds for Dismissal of the Claims Against Said Defendant.**

11

DoJ argues in its Reply (Argument I B., p. 6) that in order to substantiate fraud and harassment damages against Defendant Susan Rice Plaintiff must prove the elements of these torts directly against said Defendant in compliance with the Westfall Act. In fact, Plaintiff does not need to demonstrate that Defendant Susan Rice or the United States directly committed fraud or harassment in order to pursue these damages on a *Bivens* theory in ways that are consistent with the Westfall Act. Making a constitutional rights claim acts to package damages in a way that is most efficient for this court to resolve and is a second track recognized by the Westfall Act. Plaintiff need only define the damages, demonstrate the elements of the fraud and harassment caused directly by the second defendant, UN/UNDP, and then argue a tort theory for a constitutional violation showing that "but for" the actions of Defendant Susan Rice, Plaintiff would not have to bear these losses.

While the Court may or may not accept a second legal theory of recovery offered (in fact by DoJ, See Section IV) by which Defendant Susan Rice would directly assume and/or guarantee Plaintiff's losses in fraud and harassment that were torts proximately caused by the UN/UNDP but for which the U.S. Government is liable by virtue of the U.S. being a Member State of the U.N., it would otherwise be redundant to make these claims directly against Defendant Susan Rice under that theory as well.

The reason Plaintiff has chosen the *Bivens* approach is not merely for the efficiency of grouping damages that would otherwise have to be sought piecemeal under the Tucker Acts and Westfall Act, but because of Plaintiff's good faith belief that the best legal and policy remedy is one that would also strengthen oversight authority over the second defendant in this case, the United Nations and United Nations Development

Programme ("UN/UNDP") and that would help place the costs of harms most quickly and directly on Defendant UN/UNDP as the most direct cause of the harms.

Should the Court believe that Plaintiff must amend the complaint to specifically plead for recoveries within the tort provisions of the Westfall Act that are parallel to *Bivens* in order for the Court to consider those remedies, Plaintiff asks leave of the Court and its direction to do so.

**C.   "Bivens" Claims as Constitutional Claims in Tort Do Not Preclude Common Law Remedies in Injunctive Relief, and their Absence in Federal Tort Statutes is Not Grounds for Dismissal of Such Relief**

DoJ is now arguing in its Reply (Argument IV, p. 10) that Plaintiff cannot seek injunctive relief in tort because the only two recovery options are either monetary damages against the U.S. Government under the Westfall Act, or monetary damages from a now Westfall certified Defendant Susan Rice from the U.S. Government under a *Bivens* theory. In fact, Westfall Certification of Defendant Susan Rice should now help the Court to award equitable remedies because Westfall Certification now gives the U.S. Government the authority to carry out such remedies in the name of the Defendant, even under her successor in that office. Indeed, the purpose of *Bivens* cases is to create private causes of action on constitutional harms where other existing federal remedies may not be adequate.

The key factors that the courts use in determining remedies in *Bivens* type cases are appropriate compensation for the victims, appropriate deterrence of future harms, and efficiency of the scheme of remedies. In crafting remedies, courts look to see if there is an appropriate standardized scheme created by Congress that achieves these ends, but are

13

also free to rely on existing standard common law remedies. Here, the use of injunctive relief is a long established remedy not only in common law torts but particularly in areas of constitutional rights (and particularly in 5th and 14th Amendment due process cases) where deterrence and efficiency or regularity can best be achieved through adherence to new procedures that will prevent future harms against a potential future stream of Plaintiffs. In making a claim under the 5th and 14th Amendments, Plaintiff has argued that he is entitled to both substantive and procedural due process remedies. In requesting such remedies, Plaintiff is asking the Court to choose remedies that fit these goals and has chosen such established remedies.

The goals of deterrence and compensation are highlighted in a recent Supreme Court case. Although in that case the Court considered a *Bivens* federal remedy but actually chose a state tort remedy available to the plaintiff, the underlying principle was to select remedies that offered "both significant deterrence and compensation" (*Minnervi v. Pollard*, 132 S. Ct. 617, 620 (2012).) Among these adequate alternative damages, courts look to the common law, and, indeed, *Bivens* cases are themselves now a form of common law torts. Where Congress has not provided an alternative federal remedial scheme, common law damage remedies are given prominent consideration (*Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001) and *Wilkie v. Robbins*, 551 U.S. 537 (2007))

The only restriction on the courts in shaping remedies is whether Congress specifically pre-empts the ability of the courts to choose alternative remedies for the same harms that Plaintiff has suffered. (*Bush v. Lucas*, 462 U.S. 367 (1983), and *Schweiker v. Chilicky*, 487 u.s. 412 (1988).) Here, there is no pre-emption because DoJ itself

14

recognizes that this is a unique case that links both a U.S. official and an international organization on a theory of joint and several liability and where the basis of liability and remedies reflects a need for effective oversight to assure due process to Plaintiff and all others who are likely to find themselves in the same category as Plaintiff in the future. The Courts can be safe in assuming that Congress would also want to assure a remedy scheme that has a goal not of increasing liabilities of the U.S. government but of assuring that deterrence occurs where the harm initially arose; with failed procedures in an international organization that should directly bear the costs; Defendant UN/UNDP.

The remedies that Plaintiff seeks are not only well suited to resolving the problem but the official capacity of the Defendant's office offers the agency that can relatively easily carry out the remedy.

**D.    Plaintiff's Selection of a "Bivens" Type Tort Claim Does Not Imply a Dropping of Claims Against Defendant Susan Rice for Recovery for Damages in Contract but an Attempt to Protect the Efficiency of the Court in its Awarding of Remedies.  There are No Grounds for Dismissal of the Claims.**

DoJ argues in its Reply (Argument I, p. 3) that Plaintiff can only seek contract damages against the U.S. government and not against Defendant Susan Rice as an individual, and that since Plaintiff is proceeding on a *Bivens* theory that claims for contract damages must disappear against a Westfall certified defendant.  In fact, Plaintiff does not need to demonstrate that he had a contract with the United States in order to pursue damages for the value of his contract on a Bivens theory.  Making a constitutional rights claim acts to package damages in a way that is most efficient for this court to resolve.  Plaintiff need only define the damages, demonstrate the elements of the breach in contracting with the second defendant, UN/UNDP, and then argue a tort theory

showing that "but for" the actions or inactions of Defendant Susan Rice, Plaintiff would
not have these losses.

While the Court may or may not accept a second legal theory of recovery (offered
in fact by DoJ, See Section IV) by which Defendant Susan Rice would directly assume
and/or guarantee Plaintiff's contract with the UN/UNDP by virtue of the U.S. being a
Member State of the U.N., it would otherwise be redundant to make a claim for contract
breach directly against Defendant Susan Rice.


**E.     Ambiguities in Pleadings Regarding Defendant Susan Rice's Liabilities to
Plaintiff in Her Individual Capacity as a Government "Official" and on Behalf
of the "U.S. Government" Reflect Ambiguity in the Application of "Bivens"
Remedies and Tort Remedies of the Westfall Act, that Allow for Parallel and
Complementary Liabilities and Shaping of Remedies Under Statutory and
Common Law Principles.  These are Inherent in the Nature of this Type of
Claim, Do Not Prejudice Either Defendant Susan Rice or the U.S. Government
and are Not Grounds for Dismissal.**

DoJ now also argues that ambiguities in Plaintiff's presentation of a *Bivens* theory,
either in identification of the specific capacity in which Defendant Susan Rice is being
sued or in presenting detailed theories as to liability as to each Defendant for each harm,
are grounds for dismissal (Reply, Arguments I and II, pp. 3 – 8).   Plaintiff has met the
burdens of Federal Rule of Civil Procedure 8 in presenting a *Bivens* claim against
Defendant Susan Rice and has outlined each claim for recovery and the basis of liability
of each Defendant, with the liability of Defendant Susan Rice based on a constitutional
rights tort and a theory of joint and several liability with Defendant UN/UNDP.  Any
ambiguities stem from ambiguities in the law, not in failures to meet the requirements of
presentation under the Federal Rules of Civil Procedure 8 or of requirements for subject

matter jurisdiction and sufficiency of claims against Defendant Susan Rice, under Federal Rule of Civil Procedure 12 d) (1) and (6). There are no grounds here for dismissal.

Plaintiff has met the requirements of FRCP 8 for offering "(1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." FRCP, 8 (a).

Plaintiff has also met the requirements of FRCP 8 for allegations that are "simple, concise and direct" recognizing that "No technical form is required." Where there are alternative statements, "the pleading is sufficient if any one of them is sufficient." FRCP 8 (d) (1) and (2). Plaintiff has also complied with FRCP 8 (e). "Pleadings must be construed as to do justice."

The Court can certainly take notice that for lawyers, legal scholars, process servers, and maybe the courts, there is still some confusion on behalf of Plaintiffs in presenting and arguing the parallel tracks of *Bivens* claims and statutory tort claims against U.S. government officials like Defendant Susan Rice, who may commit torts by misusing the powers available to them by virtue of their government offices in ways that can create liability in their roles as individuals or on behalf of the U.S. government. In this case, Westfall Certification now effectively shifts a case against said Defendant as a named individual into one in which the U.S. Government now assumes her defense. However, this certification does not change the cause of action or the potential remedies.

In presenting his complaint and after consultation with various colleagues in the legal profession, Plaintiff chose a constitutional *Bivens* claim in tort against Defendant Susan Rice that would join her in joint and several liability with the international

17

organization over which she had oversight authority; the United Nations. Making this claim would not eliminate other potential forms of recovery such as those under the Westfall Act since that act clearly allows for parallel and complementary recovery.

However, there is a built-in ambiguity in a case like this one that the Courts have yet to completely resolve. A *Bivens* theory would allow for a full range of common law remedies including those in equity, as Plaintiff has argued. But an equitable remedy requires that Defendant take action in her official capacity and/or that Defendant's office carry out the remedy. Once a Defendant leaves office, there must be a government agent who can carry out that remedy. Now, DoJ's Westfall Certification of Defendant Susan Rice essentially will bind the U.S. government to carrying out any remedies, including those in equity that the Court mandates. Plaintiff, however, does not Westfall certify the Defendant, and this assumption of obligations is something that has now come after Plaintiff's filing of the complaint.

How does a Plaintiff argue a *Bivens* theory but at the same time try to assure that the choice of suing a Defendant in an individual capacity does not preclude the Court from examining and applying remedies that might apply to Defendant in both individual and official capacities? Plaintiff believes that the wording he chose in the complaint was flexible to prepare for these contingencies.

Given the ambiguities in this area of law, Plaintiff has sought to offer the Court the greatest flexibility and efficiency and believes that the complaint and these additional explanations to the Court have done so with no prejudice to Defendant Susan Rice. If the Court would wish to direct Plaintiff to amend the complaint to try to deal with these ambiguities in the law, Plaintiff will follow the Court's direction.

18

III.  **The Response of Defendant Susan Rice and the U.S. Government to Plaintiff's Search for Administrative Remedies is an Example of Unclean Hands and Cannot be Grounds for Dismissal.   Plaintiff Has Fully Met Administrative Notification Requirements to Defendant and to the U.S. Government in Order to Substantiate Claims for Remedies and Has Exhausted Attempts at Administrative Remedies.**

Were the Court to seek to award Plaintiff remedies in tort under the Federal Tort Claims Act ("FTCA") in complement to or as an alternative to *Bivens* remedies, DoJ's new argument (Doj Reply, Argument II. B., p. 6) that Plaintiff's presentation of his claim to the U.S. government prior to initiating this suit does not meet the requirements of the FTCA should be seen as both false and possibly as an attempt to mislead this Court.  DoJ appears to be making this argument in order to distract attention from Plaintiff's claims that not only Susan Rice and her office but also the U.S. State Department, itself, deliberately avoided any investigation of Plaintiff's claims and exacerbated the harms prior to this suit.

DoJ cites section 2675(a) of the FTCA, requiring that Plaintiff file "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigations, and (2) a sum-certain damages claim" and describes Plaintiff's claims as not "sum-certain".

The U.S. State Department not only has one copy but has multiple copies of Plaintiff's letter of November 9, 2011, "Hoping to Avoid a Lawsuit" that Plaintiff sent first to the State Department ("State") through the U.S. Embassy in Laos, then to several lawyers in State's Office of Legal Counsel, then to the Department, coming from Congress.  This letter contains a specific "sum certain" claim of damages in U.S. dollars as of that date.  It references specific claims that were itemized and sent to the U.N.'s legal office by Plaintiff's lawyer, with notification to the Office of Susan Rice, also from Plaintiff's lawyer.  Plaintiff also

asked the Deputy Chief of Mission of the U.S. Embassy in Laos to forward the letter directly to Harold Koh, then the head of State's Legal Adviser's Office and tried several other channels that would not be open to most citizens, including contacts through Plaintiff's personal and professional networks, to bring this issue to officials within the State Department.

Indeed, Plaintiff did everything that a citizen could possibly do to bring these claims to State and to seek to resolve them, all at significant cost of time and expense to Plaintiff, his lawyer, and several Congressional offices.

The State Department's Legal Adviser and the Office of Susan Rice as well as the Congressional Liaison Office of the State Department all had months to investigate Plaintiff's claims. All of these attempts by Plaintiff were met either by inaction or by referrals that Plaintiff approach the U.N. where he explained he had to access to any form of process. All knew that a lawsuit would follow in the absence of investigation or resolution by the State Department. If an administrative process even exists in the State Department and if it is possible to use if it does exist, apparently neither the Department's Legal Advisor, nor Congress, nor the Department's Embassies know of its existence or believe in its use.

It shocks the conscience of Plaintiff that DoJ should attempt to transform bureaucratic failure of the State Department into a claim of failure of Plaintiff to act to use available procedures. It is specifically because all of the administrative procedures have failed that Plaintiff had no other recourse but to bring this action.

IV.   **Rather than Call for Dismissal, the Department of Justice's Argument, that the General Convention on Privileges and Immunities of the United Nations Allows the U.N. to Violate Constitutional Rights of U.S. Citizens with "Absolute Immunity", would Logically Require that Plaintiff Continue the Case Against Defendant Susan Rice Under an Alternative Theory of Remedy by which the U.S. Directly Assumes All the U.N.'s Liabilities to U.S. Citizens**

DoJ now attempts to dismiss Plaintiff's recovery for breach of contract damages by suggesting that such damages can only be raised under the Tucker Acts specifically on a contract theory rather than considered within the framework of tort (DoJ Reply, Argument I, p. 3). This is coupled with DoJ's belief that the United Nations is sui generis and that it is subject only to those specific laws that only mention the U.N. and not any other organizations. Taken together, DoJ's logic suggests that this Court consider relief to Plaintiff on a completely new theory that DoJ's logic would support specifically for the U.N. and only for the U.N. If DoJ believes that the U.N. has "absolute immunity", the only way that DoJ could claim that the *General Convention on the Privileges and Immunities of the United Nations* ("General Convention") could pass muster under constitutional scrutiny is if the U.S. government directly assumes or guarantees all damages by which the UN would otherwise be liable to U.S. citizens. If the Court agrees with DoJ that the U.N. is completely sui generis and that it logically follows that a sui generis theory of recovery must be applied in order for the *General Convention* to pass a test of constitutionality, the Court should determine whether Plaintiff should amend the complaint to argue that as a member of the U.N., the U.S. government directly assumes the obligation of the U.N. to Plaintiff for contract breach, fraud and harassment, expanding the recovery now in place under the Tucker Acts and the Westfall Act/ FTCA.

DoJ's argument and the logic that follow are clear. Rather than recognize that Plaintiff is seeking damages from Defendant Susan Rice from losses in breach of contract

on a theory of tort, in which Defendant Susan Rice has acted to impede Plaintiff's

recovery directly from the party that has breached his contract, the UN/UNDP, DoJ

insists that the damages should best be recovered on a direct contract theory in which

Defendant Susan Rice is directly liable for the contract damages. DoJ is suggesting that

Plaintiff claim that said Defendant is either the contracting part or assumes or guarantees

the contract. DoJ is suggesting that as a Member State of the U.N., the U.S. government

assumes or guarantees contracts made by the U.N. with U.S. citizens.

DoJ argues in its Reply in Support of Statement of Interest (p. 9) that "the United

Nations is not subject to the due process requirements of the United States Constitution"

under the *General Convention*. At the same time, DoJ certainly recognizes that the U.S.

is a Member State of the U.N. If the U.N. is not subject to due process requirements, the

U.S. Government's participation in the *General Convention* would make the *General

Convention* invalid with regard to any interactions with U.S. citizens since it would imply

U.S. government action in the repeal of constitutional protections of U.S. citizens in their

dealings with the U.S. government through the U.N.

The only way that DoJ could find the *General Convention* to be constitutional, if

indeed it gave a license to the U.N. to violate the due process rights of U.S. citizens at

will, would be if there were an alternate remedy through the U.S. government as a

guarantor of U.S. citizen rights in their actions with the U.N. This would imply that the

U.S. government would assume all liabilities of the U.N. to U.S. citizens that were in

violation of due process requirements, including harms to property rights caused by

contract breach and other harms claimed by Plaintiff.

22

Given that DoJ is also arguing that the U.N. must be treated sui generis, such that it exists apart from any other similar international organizations (e.g., subject to the International Organizations Immunities Act and the Foreign Sovereign Immunities Act that offer those organizations qualified immunity but not absolute immunity), it also logically follows that the existing limitations on recoveries under the Tucker Acts and Westfall Acts would not necessarily limit Plaintiff's recoveries.

Though this theory has yet to be recognized, nothing seems to preclude its use by the Courts[2].

Since the Department of Justice presents this theory to the Court as a potential new theory of recovery for Plaintiff, should the Court wish to consider this theory, DoJ also must allow Plaintiff to now present that claim, in a way that may or may not require an amendment to Plaintiff's complaint under Federal Rules of Civil Procedure 15. Plaintiff awaits the Court's guidance on this approach.

## CONCLUSION

Plaintiff's cause of action is based on so simple a principle that it can be described in one word: "oversight". This case is about oversight of misconduct at the United Nations that causes harm to U.S. citizens and U.S. interests. The harms are clear. The theories of recovery are rooted in the Constitution and in age-old common law principles as well as reaffirmed by current laws. The misconduct is clear and the contributing harms from avoiding duties by U.S. government Defendant Susan Rice, as

---

[2] See Andrew Stumer, "Liability of Member States for Acts of International Organizations," 48 Harvard International Law Review 553-580 (2007).

23

U.S. Ambassador to the U.N. are also clear. Remedies to resolve the problem are rooted in common law and statutory law. It is that simple.

Plaintiff's goal in this case is to be compensated for harms he has suffered in a way that protects others against the same future harms. Plaintiff continues to hope that Defendant Susan Rice, DoJ, and the U.S. Government will find ways to work together to assure that government oversight works as it should. The "buck" needs to stop somewhere.

While the Department of Justice continues to produce arguments in an attempt to dismiss Plaintiff's claims, such attempts are not only groundless, but they ultimately lead to distortion of the very purposes of our legal system and exacerbate the very problems that gave rise to this case and that could give rise to others.

The danger now in this case is that by trying to shift focus away from "oversight" and instead to protection of Defendant Susan Rice, the claims that DoJ are making could lead to absurd results. They could undermine any authority to create accountability over misconduct at the U.N. as well as accountability of the U.S. government in performing its functions to protect U.S. citizens. They would dissuade all Americans from working for the U.N. and result in the lack of a U.S. presence in U.N. agencies given that few U.S. citizens would work for an organization that could harm them at whim. They would lead to the further degeneration of the U.N. system, increasing harms to its Member States of the type that Plaintiff has identified.

It would be wrong to sacrifice these long-term U.S. interests and legal principles simply to protect a single government official in a case where the solution and corrective action are still possible

Plaintiff David Lempert, acting as his own attorney Pro Se, avers, on personal
knowledge as to himself, and on information and belief as to all others, all of the above
statements.

June 18, 2013                          Respectfully submitted,

                                       (electronic sign.)

                                       David H. Lempert, Pro Se
                                       California Bar Number 124761


## CERTIFICATE OF SERVICE

Plaintiff David Lempert, acting as Attorney Pro Se, certifies that a copy of this
Opposition to Defendant Susan Rice's motion has been mailed to attorney for the
Defendant, Mr. Nicholas Cartier, U.S. Department of Justice, P.O. Box 883, Washington,
DC 20001 by an agent of Plaintiff at the same time that this document has been mailed to
the Court.