**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DAVID H. LEMPERT,

    *Plaintiff*,

  v.

SAMANTHA POWER, U.S. Ambassador to
the United Nations, UNITED NATIONS,
UNITED NATIONS DEVELOPMENT
PROGRAMME,

    *Defendants.*

Civil Action No. 12-1518 (CKK)

**MEMORANDUM OPINION**
(May 22, 2014)

Presently before the Court is Plaintiff's [32] Motion to Re-Open Judgment. Upon consideration of the pleadings[1], the relevant legal authorities, and the record as a whole, the Court DENIES Plaintiff's motion. Accordingly, this action remains DISMISSED in its entirety.

**I. BACKGROUND**

David H. Lempert ("Plaintiff"), an attorney proceeding *pro se*[2], filed suit against Samantha Power, the U.S. Ambassador to the United Nations, Susan Rice, the former U.S.

---

[1] While the Court renders its decision today on the record as a whole, its consideration has focused on the following documents, listed in chronological order of their filing: Compl., ECF No. [1]; Pl.'s Mot. to Re-Open Judgment, ECF No. [32] ("Pl.'s Mot."); Pl.'s Mem. Amending Proof of Service on Def. Rice, ECF No. [32-1] ("Pl.'s Service Mem."); Pl.'s Proposed Am. Compl., ECF No. [32-2] ("Proposed Am. Compl."); United States' Opp'n to Pl.'s Mot to Re-Open Judgment, ECF No. [37] ("Def.'s Opp'n"); Pl.'s Reply Mem. in Supp. of Mot. to Re-Open Judgment, ECF No. [38] ("Pl.'s Reply"). In an exercise of its discretion, the Court finds that holding oral argument on the instant motions would not be of assistance in rendering a decision.

[2] Although Plaintiff is proceeding in this action *pro se*, he is an attorney, *see* Compl. ¶ 4, and is therefore presumed to have knowledge of the legal system. *Curran v. Holder*, 626 F. Supp. 2d 30, 33 (D.D.C. 2009). As a result, he is not entitled to the same level of solicitude often

Ambassador to the United Nations, the United Nations, and the United Nations Development Programme ("UNDP"), alleging breach of contract and various tort claims arising out of Plaintiff's attempt to obtain employment with the UNDP in Laos. *See generally* Compl. On July 19, 2013, the Court dismissed the Complaint in its entirety, finding that the United Nations and UNDP were immune to legal process, and that Plaintiff failed to state a claim against then-Ambassador to the United Nations, Susan Rice, either in her official or personal capacity. *See* Order, ECF No. [27]; Mem. Op., ECF No. [28]

Subsequently, on August 8, 2013, Plaintiff filed a Motion to Amend the Complaint with Leave of the Court. By its August 27, 2013 [30] Order, the Court denied Plaintiff leave to file this motion as "[o]rdinarily postjudgment amendment of a complaint under Rule 15(a) requires reopening of the judgment pursuant to Rule 59(e) or 60(b)." *Bldg Indus. Ass'n of Superior Cal. v. Norton*, 247 F.3d 1241, 1245 (D.C. Cir. 2001). *See also Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (noting that amendment of complaint may only occur after final judgment "once the court has vacated the judgment," and "to vacate the judgment, Appellants must first satisfy Rule 59(e)'s more stringent standard."). The Court further instructed Plaintiff to file any post-judgment motion by no later than September 26, 2013. Within this time frame, Plaintiff filed the present [32] Motion to Re-Open Judgment seeking relief under Rule 60(b) and Rule 59(e). The United States ("Defendant") subsequently filed an Opposition on behalf of all Defendants and Plaintiff has filed a Reply. Accordingly, Plaintiff's Motion is ripe for review.

---

afforded non-attorney litigants proceeding without legal representation. *Richards v. Duke University*, 480 F.Supp.2d 222, 234 (D.D.C. 2007).

## II. LEGAL STANDARDS

### A. Rule 59(e)

Federal Rule of Civil Procedure 59(e) permits a party to file "[a] motion to alter or amend a judgment" within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Motions under Rule 59(e) are "disfavored" and the moving party bears the burden of establishing "extraordinary circumstances" warranting relief from a final judgment. *Niedermeier v. Office of Baucus*, 153 F.Supp.2d 23, 28 (D.D.C. 2001). Rule 59(e) motions are "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone*, 76 F.3d at 1208 (internal quotation marks omitted). Rule 59(e) does not provide a vehicle "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (quoting C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

### B. Rule 60(b)

Rule 60(b) sets out the grounds on which the Court "may relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). In his motion, Plaintiff argues that relief is warranted because of (a) "mistake, inadvertence, surprise, or excusable neglect", Fed. R. Civ. P. 60(b)(1); (b) fraud, misrepresentation, or misconduct by an opposing party, Fed. R. Civ. P. 60(b)(3); and/or (c) any other reason that justifies relief, Fed. R. Civ. P. 60(b)(6). The party seeking relief under Rule 60(b) bears the burden of showing that he or she is entitled to the relief. *Norris v. Salazar*, 277 F.R.D. 22, 25 (D.D.C. 2011). In addition, in exercising its discretion under Rule 60(b), the Court "must balance the interest in justice with the interest in protecting the finality of judgments." *Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004).

Rule 60(b)(3) permits a court to relieve a party from a final judgment because of "fraud," "misrepresentation," or "other misconduct" of an adverse party. Fed. R. Civ. P. 60(b)(3). "[O]ther misconduct" includes an adverse party's failure to disclose or produce materials requested during discovery. *Summers*, 374 F.3d at 1193. It is "well-settled" that a party seeking relief under Rule 60(b)(3) must prove any purported fraud or misconduct by "clear and convincing evidence." *Shepherd v. Am. Broad. Co.*, 62 F.3d 1469, 1477 (D.C. Cir. 1995); *accord Martin v. Howard Univ.*, 275 Fed. App'x. 2, 8 (D.C. Cir. 2008).

Rule 60(b)(6) permits a court to grant relief from a final judgment for "any other reason justifying relief." Fed. R. Civ. P. 60(b)(6). Motions under this subsection should not be granted unless the movant can show "'extraordinary circumstances' justifying the reopening of a final judgment." *Salazar ex rel. Salazar v. Dist. of Columbia*, 633 F.3d 1110, 1116 (D.C. Cir. 2011) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005)). The D.C. Circuit has "similarly observed that Rule 60(b)(6) 'should be only sparingly used' and may not 'be employed simply to rescue a litigant from strategic choices that later turn out to be improvident.'" *Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007) (quoting *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980)). Further, claims under Rule 60(b)(6) must not be "premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988). "Rule 60(b)(6) does not provide an opportunity to relitigate a motion brought unsuccessfully under one of the other provisions of Rule 60(b)." *Green v. American Federation of Labor, and Congress of Industrial Organizations*, 287 F.R.D. 107, 109 (D.D.C. 2012) (citing *Kramer*, 481 F.3d at 792).

# III. DISCUSSION

## A. Timeliness of Plaintiff's Rule 59(e) Motion

As an initial matter, Defendant argues that Plaintiff's motion pursuant to Rule 59(e) is untimely, as it was filed more than 28 days after the entry of judgment in this case. Def.'s Opp'n at 2-3. Defendant points to language from the D.C. Circuit requiring "strict compliance" with Rule 59(e)'s time limit and stating that "[d]istrict courts do not have even the customary discretion given by Fed. R. Civ. P. 6(b) to enlarge the Rule 59(e) period." *Derrington-Bey v. Dist. of Columbia Dep't of Corrections*, 39 F.3d 1224, 1225 (D.C. Cir. 1994). Plaintiff argues that his motion is timely because he filed a Motion to Amend the Complaint with Leave of the Court within 28 days of the entry of judgment. Pl.'s Reply at 8-9. After the Court informed him that a Rule 15 motion was inappropriate after entry of final judgment and set a schedule for the filing of a motion pursuant to Rules 59(e) and 60(b), Plaintiff filed the present motion invoking Rule 59(e) within the deadline set by the Court.

The Court need not resolve this dispute in order to decide the present motion. First, Plaintiff has also brought his motion pursuant to Rule 60(b), and an untimely motion to reconsider a final order may be re-characterized as a Rule 60(b) motion. *See Roane v. Gonzalez*, 832 F.Supp.2d 61, 64 (D.D.C. 2011) ("A motion to reconsider a final order is generally treated as a Rule 59(e) motion if it is filed within [28 days after the entry of judgment] and as a Rule 60(b) motion if it is filed thereafter.") (citing *Lightfoot v. Dist. of Columbia*, 355 F.Supp.2d 414, 420-21 (D.D.C. 2005)). Second, for the reasons discussed below, Plaintiff's motion is denied under both Rule 59(e) and Rule 60(b), rendering any untimeliness in the motion irrelevant.

## B. Plaintiff's Claims against the UN Defendants

In its Memorandum Opinion dismissing Plaintiff's Complaint, the Court dismissed

Plaintiff's claims against the UN and the UNDP on the basis that these Defendants were immune to legal process. *See* Mem. Op., ECF No. [28] at 7-10. In his present motion, Plaintiff points to purportedly newly discovered evidence that the UN Defendants are not immune from suit. Pl.'s Mot. at 12-15. On this point, Plaintiff cites several newspaper articles stating that the United States government has conducted surveillance of the UN and its staff. *Id.* Based on these articles, Plaintiff contends that "the U.S. government has acted to limit the immunity and to consider it conditional on U.S. interests." *Id.* at 12. Plaintiff argues that it is "very likely" that the United States has made arguments to the Foreign Intelligence Surveillance Act Court that the immunity of the UN is not absolute. *Id.* at 13. Plaintiff also argues that Defendant's representations that the UN is absolutely immune from suit constitute fraud, misrepresentation, or misconduct sufficient to justify relief under Rule 60(b)(3). *Id.* at 10.

The Court rejects Plaintiff's argument as speculation. Plaintiff points to no evidence or case law suggesting that the UN and its subsidiaries enjoy anything but absolute immunity from suit in federal court, particularly litigation brought by a private citizen. The mere allegation that the United States has engaged in intelligence gathering operations against the UN and its staff does not overcome the body of case law cited in the Court's previous Memorandum Opinion. As discussed more fully in that opinion, the cases cited by Defendant clearly establish the UN's absolute immunity from suit absent express waiver of this immunity by the UN. Moreover, as Defendant points out, the argument Plaintiff presses in his current motion was available to Plaintiff far earlier in these proceedings and does not constitute the sort of newly discovered evidence justifying relief under Rule 59(e) or Rule 60(b). Def.'s Opp'n. at 6 & n. 4. Indeed, the article provided by Plaintiff refers to allegations in the press of United States surveillance of the UN as early as 2010. Pl.'s Mot. at 24. Accordingly, the Court rejects Plaintiff's efforts to re-

open the judgment against the UN Defendants.

**C. Plaintiff's Claims against Rice in her Personal Capacity**

Plaintiff's initial Complaint failed to clearly set out whether he was suing Defendant Rice in her official capacity as U.S. Ambassador to the United Nations or was bringing a *Bivens* claim against her in her individual capacity. Therefore, out of an abundance of caution, the Court addressed both theories in its previous Memorandum Opinion. *See* Mem. Op., ECF No. [32] at 10-20. With respect to Plaintiff's *Bivens* theory, the Court concluded that Plaintiff's claim failed because, *inter alia*, he had failed to effectuate service upon Rice in her individual capacity in accordance with Federal Rule of Civil Procedure 4(i)(3), as is required for *Bivens* suits against federal officials. *See id.* at 18 (citing *Toms v. Hantman*, 530 F.Supp.2d 188, 190-91 (D.D.C. 2008)).

In his present motion, Plaintiff provides no evidence that he has served Defendant Rice in her individual capacity. Rather, he argues that he has been unable to effectuate such service because Rice and the State Department have actively stymied his efforts. As support for this proposition, Plaintiff provides e-mails between himself and two process servers discussing how to serve Defendant Rice in her individual capacity. Pl.'s Service Mem. Yet these e-mails plainly do not support Plaintiff's position. In both, Plaintiff describes his desire to serve Defendant Rice in her individual capacity. *Id.* at 2-3. One process server states that "[t]he State Department will only receive if Ms. Rice is receiving in her official capacity, not individually." *Id.* at 2. The other process server writes, "The name of the office at State Department who receives all legal documents is the LEX office. They typically only receive in the 'official capacity' of the person being served." *Id.* at 3. Plaintiff appears to argue that the State Department *should have* accepted service for Defendant Rice in her individual capacity, Pl.'s Mot. at 17, but as Defendant

notes, Def.'s Opp'n at 4, Plaintiff points to no rule requiring federal agencies to facilitate service against officials in their individual capacity. Plaintiff also contends that personal service on Defendant Rice in her individual capacity would be extremely difficult because "[f]or process servers to try to serve her directly in person or at her home would subject them to laws of trespass or stalking and would undermine the protections of federal officials." Pl.'s Reply at 21. But nowhere in the e-mails provided do the process servers describe such difficulties. Rather, these difficulties appear to simply represent Plaintiff's speculation. Accordingly, because Plaintiff has failed to serve Defendant Rice in her individual capacity and has failed to show willful evasion of such service, the Court will not disturb the judgment against Defendant Rice in her individual capacity.

**D. Plaintiff's Claims against Power in her Official Capacity**

In its previous Memorandum Opinion, the Court considered Plaintiff's claims against Defendant Rice, then the U.S. Ambassador to the United Nations, in her official capacity. *See* Mem. Op., ECF No. [32] at 10-17. Because Defendant Power has succeeded Defendant Rice in this position, she is automatically substituted for Defendant Rice with respect to these claims pursuant to Federal Rule of Civil Procedure 25(d). As discussed at length in the Court's prior opinion, because the Department of Justice issued a Westfall Act certification with respect to Defendant, the Court considered these claims under the Federal Tort Claims Act. The Court dismissed Plaintiff's claims of breach of contract, fraud, and harassment against Defendant Power for failure to state a claim. As set out in that opinion, Plaintiff's Complaint failed to include even the most basic allegations to support these claims.

Plaintiff's present motion attaches a proposed Amended Complaint which includes various additional factual allegations and theories that Plaintiff argues rescue these claims from

dismissal. *See* Proposed Am. Compl. Plaintiff expresses "surprise[]" that the Court and Defendant required basic factual allegations in support of these claims, apparently seeking relief under Rule 60(b)(1). Pl.'s Mot. at 20. This is plainly not the sort of surprise contemplated by this provision. If it were, any Plaintiff "surprised" by the dismissal of his or her complaint would have a viable Rule 60(b) motion. Plaintiff is an attorney, and accordingly should have realized that the bare allegations in his Complaint against Defendant Power, which failed to support any of the elements of his claims, were plainly insufficient to survive a motion to dismiss. Moreover, a motion pursuant to Rule 59(e) and Rule 60(b) is an inappropriate vehicle to raise these additional allegations, all of which were available to Plaintiff at the time he drafted his original Complaint. As noted, Rule 59(e) "may not be used . . . to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co.*, 554 U.S. at 485 n. 5 (quoting C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)). Indeed, Rule 59(e) is not satisfied where "a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered." *Mohammadi v. Islamic Republic of Iran*, 947 F.Supp.2d 48, 78 (D.D.C. 2013) (quoting *Ciralsky v. CIA*, 355 F.3d 661, 665 (D.C. Cir. 2004)). This principle extends to Rule 60(b), as "it is well-established that 'motions for reconsideration,' whatever their procedural basis, cannot be used as 'an opportunity to reargue facts and theories upon which a court has already ruled, *nor as a vehicle for presenting theories or arguments that could have been advanced earlier*.'" *Estate of Gaither ex rel. Gaither v. Dist. of Columbia*, 771 F.Supp.2d 5, 10 (D.D.C. 2011) (emphasis added) (quoting *Secs. & Exch. Comm'n v. Bilzerian*, 729 F.Supp.2d 9, 14 (D.D.C. 2010)). *See also Greer v. Paulson*, 505 F.3d 1305, 1317 (D.C. Cir. 2007) (Rule 60(b) does not afford a party "an opportunity to retry [its] case.").

Furthermore, even if Plaintiff's additional allegations were proper and the requirements of Rule 59(e) or Rule 60(b) were met here, the Court would still deny Plaintiff leave to amend his Complaint based on futility. *See In re Interbank Funding Corp. Securities Litig.*, 629 F.3d 213, 218 (D.C. Cir. 2010) (noting that a court "may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss."); *Norman v. United States*, 467 F.3d 773, 775 (D.C. Cir. 2006) (noting that to justify relief from a final judgment, "the movant must give the district court reason to believe that vacating the judgment will not be an empty exercise or futile gesture.") (internal citation omitted). Despite the conclusions of this Court's prior opinion, Plaintiff's proposed Amended Complaint has still failed to present authority supporting a common law cause of action for "harassment" based on the actions of Defendant Power. Similarly, Plaintiff has failed to show any false representations by Defendant of the sort required to support a claim of fraud. Furthermore, Plaintiff provides no allegation of a contract between himself and Defendant Power. Rather, Plaintiff simply states that "[a]s a party to the United Nations and a signatory to the *United Nations Charter* . . . the Office of Ambassador [Power] assumes the obligations of the United Nations to Dr. Lempert for all of Plaintiff's claims against the U.N., for breach of contract, fraud, and harassment." Proposed Am. Compl. ¶ 168. He also states vaguely that "[u]nder a common law theory, the Office of Ambassador [Power] on behalf of the U.S. Government is recognized as a party to the contractual and legal obligations to Dr. Lempert, not limited by statute." *Id.* ¶ 172. Yet Plaintiff nowhere provides legal support for this sweeping proposition, which would hold the United States government liable in any suit against the UN or any of its subsidiaries, and the Court is aware of none.[3] Accordingly, even if the other

---

[3] To the extent Plaintiff seeks to assert a constitutional claim against Defendant Power in her official capacity on this same basis, *id.* ¶ 174, his claim also fails. Plaintiff fails to provide any

10

requirements of Rule 59(e) and Rule 60(b) were met here, Plaintiff's motion would still be denied on grounds of futility.

## IV. CONCLUSION

Accordingly, for the reasons stated herein, Plaintiff's [32] Motion to Re-Open Judgment is DENIED. Accordingly, this action remains DISMISSED in its entirety. An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
United States District Judge

---

authority that Defendant Power would be liable in her official capacity under the Constitution for inaction in an employment dispute between the UN and a private citizen plaintiff.